544 A.2d 343

John W. BURGOYNE, et al.

v.

Charles L. BROOKS.

No. 1712, Sept. Term, 1987.

Court of Special Appeals of Maryland.

July 18, 1988.

Glen M. Fallin, Ellicott City, for appellants.

Jacob M. Lewis (Jacob M. Lewis, Daniel R. Scheiss, Washington, D.C., Roann Nichols, Asst. U.S. Atty., Breckinridge L. Willcox, U.S. Atty. and John R. Bolton, Asst. Atty. Gen., Baltimore, on the brief), for appellee.

Argued before GILBERT, C.J., and BLOOM and POLLITT, JJ.

GILBERT, Chief Judge.

This appeal is concerned with whether, under the attendant circumstances, a federal employee is absolutely immune to a State tort action. The Circuit Court for Baltimore County (Fader, J.) held that the doctrine of absolute immunity was applicable and granted summary judgment in favor of the defendant-appellee.

### The Facts

John Burgoyne, Terry Hall, and Charles L. Brooks were detectives in the Federal Protection and Safety Division

(FPSD) of the General Services Administration (GSA). They were assigned to the Baltimore offices of the Department of Health and Human Services, Social Security Administration. The trio were interviewed by members of GSA's Office of Inspector General (OIG) in connection with an investigation into the possibility that a supervisor was falsifying reports. Subsequently, Brooks made several false statements to the Regional Director of FPSD and to the two OIG investigators regarding Burgoyne's and Hall's job behavior. As a result of those statements, Burgoyne and Hall filed a defamation suit in the circuit court against Brooks.

No discovery was conducted by the parties, and, as we have said, the court granted summary judgment on the basis of the absolute immunity of federal employees. This appeal ensued.

## The Issues

Three questions are presented for our consideration:

I. Are state courts bound by federal common law to determine defenses to common law slander for federal employees?

II. Is absolute immunity available to a government employee who, pursuant to an employee regulation, makes representations about his fellow employees?

III. Did the trial court err by denying appellants an opportunity to conduct discovery?

## I

### Federal Law

The Supreme Court, speaking through Justice Marshall, in *Westfall v. Erwin,* 484 U.S. ——, 108 S.Ct. 580, 583, 98 L.Ed. 619 (1988), said:

"In *Barr v. Matteo,* 360 U.S. 564, 79 S.Ct. 1335, 3 L.Ed.2d 1434 (1959), and *Howard v. Lyons,* 360 U.S. 593, 79 S.Ct. 1331, 3 L.Ed.2d 1454 (1959), this Court held that the scope of absolute official immunity afforded federal employees is a matter of federal law, 'to be formulated by

the courts in the absence of legislative action by Congress.' *Id.*, at 597, 79 S.Ct. at 1334."

◼ Whenever federal common law governs a particular issue, it must be applied, irrespective of whether the case is in a State or federal court. *See Yiatchos v. Yiatchos,* 376 U.S. 306, 84 S.Ct. 742, 11 L.Ed.2d 724 (1964). One reason for that hard and fast rule is to avoid "forum shopping," so that a litigant cannot select governing law simply by choosing whether to sue in a federal or State court.

◼ Almost thirty years before *Westfall,* the Court, in *Howard v. Lyons,* 360 U.S. 593, 79 S.Ct. 1331, 3 L.Ed.2d 1454 (1959), held that States must follow federal law with respect to slander or libel committed by a federal employee. The *Howard* Court commented that "[n]o subject could be one of more peculiarly federal concern, and it would deny the very considerations which give the [federal] rule of privilege its being to leave determination of its extent to the vagaries of the laws of the several States." *Id.* at 597, 79 S.Ct. at 1334. Three years later Maryland recognized that point of view in *Carr v. Watkins,* 227 Md. 578, 177 A.2d 841 (1962). Contrary to the way the appellants see it, Judge Fader did not err in applying federal common law.

## II

### *Absolute Immunity*

Having decided that the federal common law is applicable, we now turn our attention to whether Brooks is immune in the circumstances of this case.

◼ According to *Westfall,* a federal employee is absolutely immune from damage suits under State tort law if the alleged tortious conduct falls within the scope of the employee's duties and discretion. 108 S.Ct. at 584. Immunity is not afforded federal officials in order to protect them from their errors but rather to shield the governmental process from frivolous suits and harassment. *See Barr v. Matteo,* 360 U.S. 564, 79 S.Ct. 1335, 3 L.Ed.2d 1434 (1959);

*Westfall,* 108 S.Ct. at 583. Were the rule otherwise, the specter of potential liability confronting government officials might intimidate them and prevent effective decision making. Nevertheless, the Supreme Court has recognized that, as desirous as immunity may be, it is a protective blanket that is wrapped around government officials at great cost to innocent injured parties. Because of the high cost borne by the innocent injured, "absolute immunity for federal officials" is limited to those situations where "the contributions of immunity to effective government in particular contexts outweigh the perhaps recurring harm to individual citizens." *Doe v. McMillan,* 412 U.S. 306, 320, 93 S.Ct. 2018, 2028, 36 L.Ed.2d 912 (1973); *Westfall,* 108 S.Ct. at 583. To curtail official immunity, the Supreme Court has held that "absolute immunity" is restricted to those situations where the official's conduct is "the product of independent judgment" or the exercise of discretion. *Id.* at 584. "When an official's conduct is not the product of independent judgment, the threat of liability cannot detrimentally inhibit ... [his or her] conduct." *Id. See also Barr v. Matteo, supra,* and *accord, Doe v. McMillan, supra.*

The *Westfall* case stemmed from a State tort negligence action against federal employees. On the ground of absolute immunity, the district court granted a summary judgment in favor of the defendants. The Supreme Court observed that, under the peculiar facts of that case, a question existed as to the discretionary nature of the employee-defendant's conduct. Unlike *Westfall,* in the matter *sub judice,* no question of fact remains to be decided.

 Brooks reportedly acted pursuant to, and seeks refuge behind, the Code of Federal Regulations, Title 41, Sec. 105–735.216, which provides:

"Reporting Suspected Irregularities.

*It is the obligation of GSA personnel to report immediately any apparent or suspected violation of a statute, order, regulation, or directive in connection with*

*any operation of GSA.* The report shall be made to the Assistant Inspector General for Investigations in the Central Office or to the appropriate Special Agent in charge in the regions. When appropriate, the Office of the Inspector General shall report such apparent or suspected violations to the proper management official. GSA personnel shall cooperate with representatives conducting official investigations and furnish signed statements under oath if appropriate." (Emphasis supplied.)

The noun "obligation" has a variety of definitions; its precise meaning in any given use is dependent upon the context in which it is utilized. Indubitably, in the above quoted regulation, "obligation" may mean sense of duty or a course of action. However the word "obligation" is used, the regulation clearly leaves to the official the discretion of determining what is an "apparent or suspected violation," and that discretion places the federal official squarely within the perimeter of absolute immunity. *See Nietert v. Overby*, 816 F.2d 1464 (10th Cir.1987). That being true, the appellants' tort action against Brooks must fall.

### III

#### *Discovery*

Absent abuse, the matter of discovery is within the sound discretion of the trial judge. *See Kelch v. Mass Transit Admin.*, 287 Md. 223, 411 A.2d 449 (1980). Judge Fader, we think, did not abuse his discretion by refusing to permit the appellants to conduct a fishing expedition through the utilization of discovery proceedings. What appellants seemingly proposed to do was conduct discovery in order to explore whether they had a cause of action. That use of discovery is imaginative but impermissible.

JUDGMENT AFFIRMED.

COSTS TO BE PAID BY APPELLANTS.