[No. 36037. Department One. June 28, 1962.]

*In the Matter of the Estate of* ANGEL N. YIATCHOS, *Deceased.* GUST YIATCHOS, *Appellant,* v. PEARLE W. YIATCHOS, *Individually and as Executrix, Respondent,* CONSUL GENERAL OF GREECE, *Intervenor-respondent.**

*Whitmore & Whitmore,* for appellant.

*Charles W. Cone* and *Ned W. Kimball,* for respondents.

FOSTER, J.—Gust Yiatchos appeals from a final judgment in his action to determine the ownership of specified United States Government Savings Bonds, Series E, purchased

*Reported in 373 P. (2d) 125.

by his deceased brother, Angel N. Yiatchos, with community funds of Angel N. Yiatchos and his respondent widow, Pearle W. Yiatchos.

Fortunately, the facts upon which the controversy was both tried and appealed are stipulated, so that only the question of ownership of the bonds' proceeds must be decided.

All purchases were with community funds. On all of the bonds, the appellant was designated as the beneficiary to whom they were payable upon the death of Angel N. Yiatchos, which occurred November 22, 1958.

By will, however, the deceased left all of the bonds to appellant, four sisters and a nephew. By the judgment, the court imposed a trust upon the bonds for the benefit of the surviving widow and his estate, and directed the appellant to endorse them, or, in the event he refused so to do, that a commission be appointed for that purpose.[1] We affirm.

■ RCW 11.04.230 and RCW 11.04.240[2] do not confer upon one spouse the power to convert community property into separate property. *In re Allen's Estate*, 54 Wn. (2d) 616, 343 P. (2d) 867, decided that a husband could not

---

[1]"If real or personal property is within the county, the court, in lieu of directing a conveyance thereof by a party or by a commissioner, may enter a judgment divesting the title of any party and vesting it in others, and such judgment has the effect of a conveyance executed in due form of law. When any order or judgment is for the delivery of possession, the party in whose favor it is entered is entitled to a writ of execution or assistance upon application to the clerk." Rule of Pleading, Practice and Procedure 70, RCW Vol. 0.

[2]"If either co-owner of United States savings bonds registered in two names as co-owners (in the alternative) dies without having presented and surrendered the bond for payment to a federal reserve bank or the treasury department, the surviving co-owner will be the sole and absolute owner of the bond." RCW 11.04.230.

"If the registered owner of United States savings bonds registered in the name of one person payable on death to another dies without having presented and surrendered the bond for payment or authorized reissue to a federal reserve bank or the treasury department, and is survived by the beneficiary, the beneficiary will be the sole and absolute owner of the bond." RCW 11.04.240.

convert community funds into separate property by the purchase of series E bonds. We there said:

"It is undisputed that the series E bonds were purchased with community funds. The bonds so purchased, therefore, were community property. If this were not so, a designing spouse could at once transform community property into separate property by the purchase of United States bonds."

 The husband's purchase with community funds of bonds payable to him alone or, after his death, payable exclusively to his brother was in fraud of the rights of the respondent wife, Pearle W. Yiatchos. This was a unilateral attempt to convert community property into separate property, and void *ab initio*. The trial court correctly concluded:

"That the community cannot be deprived of community funds by the purchase of government bonds."

The decision of the United States Supreme Court in *Free v. Bland*, 369 U. S. 663, 8 L. Ed. (2d) 180, 82 S. Ct. 1089 (1962) does not conflict.

The circumstances in *Free v. Bland, supra*, differ from the facts presented by this record. The Free bonds were purchased with community funds and were issued to *Mr. or Mrs.* Free. Mrs. Free died, and the controversy was between the surviving husband and Mrs. Free's son by a prior marriage.

Chief Justice Warren expressely recognized the exception presented by this record. The opinion states:

" . . . While affording purchasers of bonds the opportunity to choose a survivorship provision which must be recognized by the states, the regulations neither insulate the purchasers from all claims regarding ownership nor immunize the bonds from execution in satisfaction of a judgment. The Solicitor General, appearing as *amicus curiae*, acknowledges that there is an exception implicit in the savings bond regulations, including the survivorship provision, so that federal bonds will not be a 'sanctuary for a wrongdoer's gains.' With this, we agree. The regulations are not intended to be a shield for fraud, and relief would be available in a case where the circumstances manifest fraud or a breach of trust tantamount thereto on the part

of a husband while acting in his capacity as manager of the general community property. . . . "

■■ This case falls within that exception. The purchase by the husband of United States Government Savings Bonds with community funds is a void endeavor to divest the wife of any interest in her own property. While the husband is the manager of the community personal property, he is under a fiduciary duty to act for the benefit of the community. *Gannon v. Robinson,* 59 Wn. (2d) 906, 371 P. (2d) 274 (1962). A breach of this duty is a constructive fraud.

The status of community property can be changed only by the agreement of both spouses. RCW 26.16.120. All of the bonds in question, being purchased with community funds, remain community property. Respondent widow had a vested one-half interest in the bond proceeds. The descent of decedent's interest is controlled by RCW 11.04.050[3] and, therefore, must be distributed according to the terms of the will.

The judgment is affirmed.

FINLEY, C. J., HILL, WEAVER, and ROSELLINI, JJ., concur.

September 19, 1962. Petition for rehearing denied.

---

[3]"Upon the death of either husband or wife, one-half of the community property shall go to the survivor, subject to the community debts, and the other half shall be subject to the testamentary disposition of the deceased husband or wife, subject also to the community debts. In case no testamentary disposition shall have been made by the deceased husband or wife of his or her half of the community property, it shall descend equally to the legitimate issue of his, her or their bodies. If there be no issue of said deceased living or none of their representatives living, then the said community property shall all pass to the survivors, to the exclusion of collateral heirs, subject to the community debts, the family allowance and the charges and expenses of administration." RCW 11.04.050.