YIATCHOS *v.* YIATCHOS, EXECUTRIX, ET AL.

No. 48.   Argued January 7, 1964.—Decided March 9, 1964.

*Ernest R. Whitmore, Jr.* argued the cause for petitioner. With him on the brief was *Richard G. Jeffers.*

*Charles W. Cone* argued the cause for respondents. With him on the brief was *William B. Holst.*

*Solicitor General Cox, Assistant Attorney General Douglas, Sherman L. Cohn* and *David L. Rose* filed a brief for the United States, as *amicus curiae,* urging reversal.

MR. JUSTICE WHITE delivered the opinion of the Court.

Two Terms ago in *Free* v. *Bland,* 369 U. S. 663, where federal savings bonds purchased with community funds were registered in a co-ownership form and the registered co-owners were husband and wife, the survivor was held entitled to the proceeds of the bonds without liability to account in any amount to the beneficiaries of the deceased co-owner, despite conflicting state law purporting to forbid a married couple to make survivorship arrangements with respect to community property and requiring such property to pass as part of the estate of the deceased in accordance with his will or the state intestacy laws. The success of the management of the national debt was deemed to depend upon the successful sale of the savings bonds, one of the inducements to purchasers being survivorship provisions which afforded "a convenient method of avoiding complicated probate proceedings." 369 U. S., at 669. State law interfered with a legitimate exercise of federal power and was required to give way under the Supremacy Clause of the Constitution.

The Court nevertheless recognized that the federal law was not to be used as a shield for fraud or to prevent relief "where the circumstances manifest fraud or a breach of trust tantamount thereto on the part of a husband while acting in his capacity as manager of the general community property." 369 U. S., at 670. The scope and application of the exception to the regulatory imperative—"the doctrine of fraud applicable under federal law in such a case," 369 U. S., at 670–671—were left to decision in other cases.

This is one of those cases. Petitioner is the brother of Angel Yiatchos who died in 1958 and who in 1950–1951

purchased with community funds belonging to himself and his wife United States Savings Bonds in the face amount of $15,075. The deceased was the registered owner of the bonds and they were made payable on his death to his brother, the petitioner. The deceased left a will made in 1954, naming his wife as executrix and bequeathing all cash and bonds owned by him at the time of his death to his brother, four sisters and a nephew. Petitioner brought suit in the appropriate court in the State of Washington to establish his ownership of the bonds, relying upon the federal regulations providing for registration of the savings bonds in the beneficiary form and providing that in the case of the death of the registered owner "the beneficiary will be recognized as the sole and absolute owner, and payment or reissue will be made as though the bond were registered in his name alone." 31 CFR § 315.66. The trial court, on stipulated facts, sustained the claims of the wife and the other beneficiaries under the will who insisted that since the bonds were purchased with community funds and were community property at the death of the deceased they must be divided into two equal parts, one-half to go to the wife and the other half to be distributed in accordance with the will. The Supreme Court of Washington affirmed, holding that the deceased's "purchase with community funds of bonds payable to him alone or, after his death, payable exclusively to his brother was in fraud of the rights of the respondent wife" and "a void endeavor to divest the wife of any interest in her own property." The deceased having been under a fiduciary duty to manage the community funds for the benefit of the community, "[a] breach of this duty [was] a constructive fraud." Petitioner's claim to any part of the bonds as beneficiary named therein was rejected since "[r]espondent widow had a vested one-half interest in the bond proceeds" and since "[t]he descent of decedent's interest is

controlled by RCW 11.04.050 and, therefore, must be distributed according to the terms of the will." *In re Yiatchos' Estate,* 60 Wash. 2d 179, 182, 373 P. 2d 125, 127. We granted certiorari to consider an asserted conflict with *Free* v. *Bland, supra,* which was decided while this case was on appeal in the Washington Supreme Court and which that court considered in rendering its own judgment.

Under the federal regulations petitioner is entitled to the bonds unless his deceased brother committed fraud or breach of trust tantamount to fraud. Since the construction and application of a federal regulation having the force of law, *California Comm'n* v. *United States,* 355 U. S. 534, 542–545; *Standard Oil Co.* v. *Johnson,* 316 U. S. 481, 484, are involved, whether or not there is fraud which will bar the named beneficiary in a particular case must be determined as a matter of federal law, *Free* v. *Bland, supra; Clearfield Trust Co.* v. *United States,* 318 U. S. 363. But in applying the federal standard we shall be guided by state law insofar as the property interests of the widow created by state law are concerned. It would seem obvious that the bonds may not be used as a device to deprive the widow of property rights which she enjoys under Washington law and which would not be transferable by her husband but for the survivorship provisions of the federal bonds.

Proceeding on these premises, we note that under Washington law spouses may agree to change the status of community property either by an agreement to become effective on the death of either spouse, Rev. Code Wash. § 26.16.120; *In re Yiatchos' Estate,* 60 Wash. 2d 179, 182, 373 P. 2d 125, 127, or by gift during lifetime; *Hanley* v. *Most,* 9 Wash. 2d 429, 458, 115 P. 2d 933, 944. Thus the widow in this case could have consented to a gift of community property to her husband's brother or to the inclusion of the bonds in that portion of the estate which belonged to her husband and which he could dispose of

at the time of his death. If she gave such consent, or if she ratified the purchase and registration of the bonds, the conduct of the husband was not, for federal purposes, fraud or breach of trust sufficient to avoid the command of the regulations, and petitioner would be entitled to all of the bonds.

So far petitioner apparently agrees, but he denies the need for further inquiry, claiming all of the bonds because the record is silent about the knowledge or consent of the wife, she having made no claim of fraud and produced no facts negativing her consent or knowledge. But we think the course suggested by the United States in its *amicus curiae* brief is preferable. The factual record was made by the stipulation of the parties prior to decision of *Free* v. *Bland, supra.* Before precluding the widow because of her own conduct, she should have an opportunity upon remand to prove the actual facts concerning her knowledge or participation in the purchase and registration of the bonds.

Petitioner, however, also objects to a remand because further inquiry into consent or acquiescence rests upon the erroneous assumption that the wife could object to the husband's transfer of the bonds after his death. Since the present value of the bonds, or even their face value, is less than one-half the community property, the deceased, says petitioner, was not attempting to give away property belonging to his wife but was only making use of a simple device provided by federal law to dispose of what he could give by will under the Washington law. The validity of this contention turns on a question of state law about which we are not entirely clear and which may be resolved upon remand. According to the court below, the widow had a "vested one-half interest" in the bonds, which may mean that under Washington law the wife before and after death has a half interest in each item of the community estate, including the par-

ticular bonds involved in this case, and cannot be forced to take cash or something else of equal value upon a division of the community property between herself and those entitled to take her husband's half. Under such circumstances, since we cannot say that this property right, if it exists, is insubstantial, to allow all of the bonds to pass to the designated beneficiary would effect an involuntary and impermissible conversion of the widow's assets.

On the other hand, Rev. Code Wash. § 26.16.030 provides that "The husband shall have the management and control of community personal property, with a like power of disposition as he has of his separate personal property, except he shall not devise by will more than one-half thereof." If under Washington law, the widow, after her husband's death, has no interest in specific assets owned by the community and her half of the community estate may be satisfied from property or money other than the bonds, petitioner is entitled to all of the bonds for then there is no fraud or breach of trust in derogation of the widow's property rights under state law. Upon dissolution of the community one-half of the community property belonged to Angel Yiatchos, who was free, as of the time of dissolution, to dispose of this half as he pleased. He might have left it to his brother by will. Instead he elected to effect the same result by utilizing federal savings bonds with their convenient feature of permitting ownership spanning two lives. On the assumption, then, that the wife is entitled to half of the estate, but not half of each particular item of property, the bonds have not been used as an instrument of fraud; and the survivorship provisions of the federal regulations must control, preempting, if necessary, inconsistent state law which interferes with the legitimate exercise of the Federal Government's power to borrow money. *Free* v. *Bland, supra.*

Petitioner is therefore entitled to all of the bonds if the widow consented to making him the beneficiary or if under Washington law the surviving spouse does not have a one-half interest in each community asset. But even if the wife is not barred by her own consent or by the nature of her interest from claiming a half interest in the bonds, petitioner is entitled to the other half, the half which belonged to the deceased and could be disposed of by him to the beneficiaries of his choice. The Washington court deemed the transaction void *ab initio* and required the deceased's half to pass by his will rather than by virtue of the bonds and the force of the regulation. But the petitioner was entitled to the proceeds only on the death of the husband, and then only if the bonds had not matured or been cashed. During the husband's life he was the registered owner of the bonds, and was therefore entitled at any time to convert them into cash upon presentation and surrender "as though no beneficiary had been named in the registration." 31 CFR § 315.65. Aside from possible consequences of the wife's consent or ratification, as long as Angel Yiatchos was alive the bonds were community property, and could be used by him— the manager of the community and the registered owner of the bonds—for community purposes just as the assets used to purchase them could have been so used. Thus, the holding of the court below, which requires that the bonds be disposed of by will or by state intestacy provisions, is nothing more than a state prohibition against utilizing savings bonds to transmit property at death, and is, for reasons stated above, forbidden by *Free* v. *Bland, supra.*

We add but one caveat to our holding that petitioner is entitled to at least one-half the bonds. The bonds, it would appear, are less than one-half the gross estate, but the record does not compare the value of the bonds with one-half the net estate after payment of debts. It is our understanding that the deceased's interest in the com-

munity property is chargeable with his separate debts and with one-half the community debts. *Ryan* v. *Ferguson,* 3 Wash. 356, 28 P. 910. It would not contravene federal law as expressed in the applicable regulations to require the bonds to bear the same share of the debts that they would have borne if they had been passed to petitioner as a specific legacy under the will rather than by the survivorship provisions of the bonds.

The judgment of the Washington court is reversed insofar as it relates to one-half of the bonds, subject to the above remarks concerning the portion of the debts which may be allocable thereto. As to the other half the judgment is vacated and the case remanded for further proceedings not inconsistent with this opinion.

*It is so ordered.*

MR. JUSTICE CLARK, whom MR. JUSTICE DOUGLAS joins, dissenting.

The question to be determined under *Free* v. *Bland,* 369 U. S. 663 (1962), is whether or not the purchase of the bonds by the deceased operated to deprive his surviving wife of her one-half undivided interest in the community property of the spouses. If that purchase operated to deprive her of her one-half interest in the community property, it is tantamount to a constructive fraud upon the community property, and under *Free* v. *Bland, supra,* relief must be granted to the extent of making whole the surviving wife's undivided interest.

It therefore appears to me that the proper order in this case would be to vacate the judgment and remand the case for consideration of the following matters, all of which involve an interpretation of Washington law:

(1) Was the purchase of the bonds and the designation of petitioner as beneficiary an act within the deceased husband's statutory (Wash. Rev. Code

§ 26.16.030) management powers, or did the surviving spouse consent to, or subsequently ratify, the transaction? If either question is answered in the affirmative, the bonds must be delivered to the petitioner. If both questions are answered in the negative, then

(2) What is the amount of the debts, both community and separate, chargeable to the estate? And

(3) Is there sufficient property after the payment of these debts for the surviving wife to receive her one-half undivided interest in the community estate without having to resort to the bonds? If this question is answered in the affirmative, the bonds must be delivered to the petitioner and the surviving wife must receive her one-half undivided interest in the community property from that remaining. If there is not sufficient property in the estate to satisfy the surviving wife's undivided one-half interest from that remainder, then the bonds must be subjected to this deficit, after which the balance of the bonds, if any, would go to the petitioner.

The opinion of the Court conjectures that it might be the law of Washington that a surviving spouse has a one-half interest in each item of the community estate and that if this be so, then allowing all of the bonds to pass to the designated beneficiary would work an involuntary conversion of the spouse's one-half interest in those bonds. The proposition that a spouse has such an interest in each item is of doubtful validity and there is no Washington authority to support it. Further, there is, at the very least, a question of whether such state law, even if it did exist, should be allowed to override the beneficiary designations of the federal bonds. The Court is passing upon this important issue even though it has not been considered by the parties in either their briefs or oral argument.