Betty Blount WOOD et al., Appellants,

v.

Maurine W. JOHNSTON et al., Appellees.

No. 4077.

Court of Civil Appeals of Texas.

Eastland.

June 17, 1966.

Rehearing Denied July 8, 1966.

Barber & Seale, Jasper, John H. Seale, Jasper, for appellants.

Dittert & Hruska, Bellville, Dan Hruska, Bellville, for appellees.

GRISSOM, Chief Justice.

This suit was originally filed by Anna Beth Wilson, widow of E. B. Wilson, against his daughters by a previous marriage. Mrs. Wilson died and her two children by a previous marriage were substituted as plaintiffs. The purpose of the suit was to obtain the widow's alleged one-half interest in $18,000.00 United States Savings Bonds or her half interest in the money with which they were purchased. Plaintiffs alleged that E. B. Wilson died November 17, 1964; that the Wilsons married in 1947 and that they accumulated community property. (Defendants are the daughters of E. B. Wilson by a prior marriage, the sole devisees in his will and independent executrices of his estate. His will was admitted to probate.) Plaintiffs further alleged that, in 1965, the defendants

filed in the County Court an inventory and appraisement of the estate of E. B. Wilson, deceased, and wrongfully failed to include said bonds therein as community property of E. B. Wilson and his surviving wife; that there were ten Series H United States Government Bonds, with a maturity value of $18,000.00, purchased by Mr. Wilson 13, 16, and 17 years, respectively, after the Wilsons married and *"obviously were purchased with community funds"*; that the action of E. B. Wilson in naming himself or his daughters as payees in the bonds "amounted to manifest fraud or breach of trust tantamount thereto" on the part of the husband, while acting as manager of the community property; that, in accordance with Section 257 of the Probate Code of Texas, the court should order defendants to include said bonds in the inventory as community property, or render judgment against defendants for $9,000.00, Mrs. Wilson's alleged half interest in the money used to purchase them, and to fix a lien against them to secure payment of said debt. The defendants answered that by virtue of 31 C.F.R., Sections 315.60 to 315.62, inclusive, United States Treasury Regulations, the survivors named in said bonds were the sole owners thereof and they were not any part of Mr. Wilson's estate. Wherefore, appellees say, said bonds were properly excluded from said inventory. The defendants denied that the fact that Mr. Wilson purchased said bonds and named himself and his daughters as co-owners was a fraud or breach of trust. In a trial to the court, judgment was rendered for the defendants. The plaintiffs, children of Mrs. Wilson, have appealed.

Appellants' only point is that the court erred in rendering judgment for appellees because the evidence created a prima facie presumption of fraud perpetrated by E. B. Wilson on his wife and such presumption was not rebutted. Appellants say the evidence shows the Wilsons were married for seventeen years; that the bonds were purchased during marriage and no evidence was presented to rebut the alleged pre-

sumption that they were purchased with community funds and that said inventory shows said bonds formed a substantial part of the "community" estate.

The statement of facts consists of (1) a copy of Mr. Wilson's will and (2) an order admitting it to probate, (offered by appellants for the purpose of showing that the devisees were his children by a previous marriage); (3) an inventory, appraisements and list of claims of Mr. Wilson's estate, (showing the value of his separate and community estates), (4) a decree that appellants, Betty Blount Wood and John H. Seale, were the heirs at law of Mrs. Wilson, who died intestate on October 8, 1965, and that no administration on her estate was necessary. In addition, there was only the testimony of Mr. Seale that his mother and E. B. Wilson married in July, 1947, and remained married until Mr. Wilson's death in November, 1964; that, after Mr. Wilson's death, he and his mother found said bonds in two lock boxes, that he was his mother's attorney, particularly after the death of her father in 1960, when he began handling all her affairs; that he was familiar with her bank accounts and possessions and knew that no transfers were made to her by Mr. Wilson coincident with issuance of said bonds and that he and his mother were surprised when they found the bonds.

The first of said bonds was for the face value of $5,000.00. It was issued in July, 1960, and was payable to E. B. Wilson or Mrs. Johnston, a daughter. The second was for the face value of $5,000.00, issued in July, 1963, payable to E. B. Wilson or Mrs. Noakes, another daughter. The other $8,000.00 in bonds were issued in February, 1964, five $1,000.00 bonds being then issued payable to Mr. Wilson or Mrs. Johnston and three $1,000.00 bonds being payable to Mr. Wilson or Mrs. Noakes.

Appellees' answers to appellants' contentions are that (1) since appellees are the sole owners of said bonds under applicable Federal Regulations the court did not err in rendering judgment for them; (2) no evidence having been presented that Mr. Wilson's action in naming appellees as the co-owners was fraudulent as to Mrs. Wilson, or was done with the intent to deprive her of her interest in community property, the court did not err in rendering such judgment, and that, (3) there being no evidence that said bonds were purchased with community funds, the court did not err in rendering such judgment. We think all of said answers are correct.

◼ Appellees point out the fact that Mr. Wilson had a substantial separate estate and a smaller community estate, each of which consisted of both real and personal property. They quote from Treasury Regulation, 31 C.F.R. Sec. 315.61 as follows:

"If either co-owner dies without the bond having been presented and surrendered for payment or authorized reissue, the survivor will be recognized as the sole and absolute owner."

Such regulations also provide that no judicial determination will be recognized which would defeat or impair the rights of survivorship conferred thereby. 31 C. F.R., Sec. 315.20, 8 L.Ed.2d 180, 184. Appellees cite Free v. Bland, 369 U.S. 663, 82 S.Ct. 1089, 8 L.Ed.2d 180, in which the facts were that Free purchased with community funds United States Savings Bonds and made them payable to Mr. or Mrs. Free; Mrs. Free died and a controversy then arose between Mr. Free and his wife's son, Bland, as to ownership of the bonds. Free claimed absolute ownership by reason of said regulations. Bland, the beneficiary in his mother's will claimed half interest in the bonds by virtue of the Texas community property laws. He asserted a right to one-half the bonds or reimbursement for the loss of Mrs. Free's community half interest. Free sued Bland to establish his title. A summary judgment was rendered awarding title to Mr. Free, but it was held that Bland should recover one-half the value thereof. The Court of Civil Appeals

affirmed the award of title to Free. But, it reversed that part of the judgment awarding Bland one-half the value thereof. (See 337 S.W.2d 805). The Supreme Court of Texas reversed that judgment holding that it was in conflict with its opinion in Hilley v. Hilley, 161 Tex. 569, 342 S.W.2d 565. (See 162 Tex. 72, 344 S.W.2d 435). The United States Supreme Court reversed the Supreme Court of Texas, holding that the purpose of federal regulations was to confer absolute ownership upon the surviving co-owners and that the survivorship provisions of federal law prevailed over Texas community property laws. It held that a state law which prohibits a married couple from taking advantage of the survivorship provisions in Treasury Regulations and United States Bonds, merely because the purchase price was paid out of community funds, must fall under the Supremacy Clause of the Federal Constitution. The court did say, however, that such regulations were not intended as a shield for fraud and relief would be granted when it was established that fraud or breach of trust tantamount thereto had been perpetrated on a wife by her husband while he was acting as manager of the community. Appellees also cite Yiatchos v. Yiatchos, 376 U.S. 306, 84 S. Ct. 742, 11 L.Ed.2d 724 and In re McCoy's Estate, 189 Wash. 103, 63 P.2d 522, in support of their contention, with which we agree, that upon the death of E. B. Wilson his daughters, as co-owners immediately became vested with absolute ownership of the bonds, the daughters' title being derived from provisions in the bonds and applicable Treasury Regulations. Appellees say that since the bonds were never a part of E. B. Wilson's estate the probate court had no jurisdiction over them. Appellees further say that, although appellants alleged that such action of E. B. Wilson "amounted to manifest fraud or breach of trust tantamount thereto", words used by the United States Supreme Court in Free v. Bland, that appellants failed to produce any evidence of fraud. Regardless of whether all of the testimony of Mr. Seale may be considered, we think there was no evidence of fraud. Certainly, fraud was not conclusively established and we are not authorized by the record to set aside the court's presumed findings in support of the judgment. Furthermore, it was not established that the bonds were paid for out of community funds. It would be difficult to imagine fraud against the wife being established in the absence of proof that the bonds were paid for by money in which the wife had an interest. However, under the decision in Free v. Bland, upon the death of Wilson his daughters became the absolute owners of the bonds, even if they had been paid for with community funds. We agree with appellees that appellants did not establish facts which entitled them to recover.

We have carefully considered all of appellants' contentions. Reversible error is not shown. The judgment is affirmed.