**METROPOLITAN LIFE INSURANCE COMPANY, Plaintiff-Appellee,**

v.

**Dawn Nita McMORRIS, by her Mother and Guardian, Novella McMORRIS, Defendant-Appellant.**

No. 84–1654.

United States Court of Appeals, Tenth Circuit.

March 11, 1986.

H. Kent Desselle, of Desselle, White, Allinder & Grate, Independence, Mo. (Steven R. McConnell, of McConnell & McMahon, Overland Park, Kan., with him on brief), for defendant-appellant.

Mary Currie, Atty., (William J. Toppeta, with her on brief), Metropolitan Life Ins. Co., New York City, for plaintiff-appellee.

Before McKAY, SETH and SEYMOUR, Circuit Judges.

McKAY, Circuit Judge.

As part of a divorce decree, John McMorris agreed to maintain a certain life insurance policy for the benefit of his minor child, Dawn Nita McMorris. However, prior to the decree being entered, Mr. McMorris allowed this policy to lapse. Thereafter, Mr. McMorris, who worked for the United States Postal Service, obtained life insurance under the Federal Employees Group Life Insurance (FEGLI) program and designated the proceeds of that insurance payable equally to his brothers, sister, and sister-in-law. Mr. McMorris thereafter died, and Metropolitan paid the life insurance proceeds to these designated beneficiaries.

After Metropolitan paid the beneficiaries, counsel for Miss McMorris demanded that Metropolitan make payment to Miss McMorris. Metropolitan instituted an action for declaratory relief in United States District Court for the District of Kansas, and Miss McMorris answered in counterclaim for $52,500 in policy proceeds on the grounds of breach of trust, conversion and fraud. Both parties moved for summary judgment. The trial court granted Metropolitan's motion and denied Miss McMorris's motion.

The Federal Employees Group Life Insurance Act, 5 U.S.C. §§ 8701–8716, mandated that Metropolitan pay the FEGLI proceeds to the designated beneficiaries. It would have been impossible for Metropolitan to honor the claims of the designated beneficiaries and the claim of Miss McMorris. It is undisputed that, absent fraud, the FEGLI statutes preempt any state law arising from the divorce decree which would grant Miss McMorris any right to the FEGLI proceeds. The only issue worthy of note in this case is whether the principle of not allowing federal preemption to shield fraud or breach of trust is applicable.

Miss McMorris contends that there is no preemption of the state law embodied in the divorce decree because John McMorris committed fraud by allowing the divorce court to order that he maintain a particular life insurance policy for the benefit of Miss Morris when no such policy was then in effect and by not designating Miss McMorris as a beneficiary of his FEGLI insurance. It is true that federal preemption will not be used as a shield for fraud. *Yiatchos v. Yiatchos*, 376 U.S. 306, 84 S.Ct. 742, 11 L.Ed.2d 724 (1964). However, we do not believe that the facts, as alleged by Miss McMorris, amount to the kind of fraud warranting the protection provided in *Yiatchos*.

*Ridgway v. Ridgway*, 454 U.S. 46, 102 S.Ct. 49, 70 L.Ed.2d 39 (1981), is dispositive of the case at bar. In that case, Sergeant Ridgway's life was insured under a group policy issued by a licensed insurance company to the Administrator of Veteran's Affairs, pursuant to the Servicemen's Group Life Insurance Act, 38 U.S.C. §§ 765 *et seq.* Sergeant Ridgway was divorced and ordered in the divorce decree to maintain the life insurance for the benefit of his three children. He ignored the divorce decree and executed a SGLIA form so that the SGLIA proceeds would be payable to his new wife. Upon Sergeant Ridgway's death

and when presented with rival claims, the insurance company interpleaded the SGLIA proceeds. Finding that there could be no fraud arising from such facts, the Supreme Court distinguished *Yiachtos* and stated:

> There is, finally, a fundamental distinction between [the children's] asserted interests in the SGLIA policy proceeds and community property concepts at issue in *Yiachtos*. Federal law and federal regulations bestow upon the service member an absolute right to designate the policy beneficiary. That right is personal to the member alone. It is not a shared asset subject to the interests of another, as is community property. Yiachtos had imposed his will upon property in which his wife had a distinct vested community interest. In contrast, only Sergeant Ridgway had the power to create and change a beneficiary interest in his SGLIA insurance. *By exercising that power, he can hardly be said to have committed fraud.* (emphasis added).

454 U.S. at 59–60, 102 S.Ct. at 57. In footnote 8, the Court stated:

> *Yiachtos v. Yiachtos,* [*supra,*] and *Free v. Bland,* 369 U.S. 663, 82 S.Ct. 1089, 8 L.Ed.2d 180 (1962), ... were concerned with a particular type of fraudulent behavior: attempts "to divest the wife of any interest in *her own* property." (emphasis in original). ... In this case, by way of contrast, Sergeant Ridgway misdirected property over which he had exclusive control. In doing so, of course, he deprived the [children] of benefits to which they were entitled under state law.

*Id.*

Miss McMorris points to no relevant facts that would distinguish this case from *Ridgway.* John McMorris's alleged false representation of the existence of a life insurance policy at the time the divorce decree was entered is not a relevant fact or issue as it pertains to the kind of fraud that federal preemption will not shield.

Additionally, Miss McMorris's contention that the trial court erred in granting summary judgment "without determining whether the fraud occasioned by the de-

ceased father entitled [Miss McMorris] to a constructive trust," Brief of Appellant at 7, is without merit. Although Miss McMorris may have a cause of action against the estate of John McMorris for violation of the provisions of the divorce decree, we hold that as a matter of law the alleged fraud of John McMorris could not be a basis for any claim by Miss McMorris against Metropolitan arising out of Metropolitan's payment of FEGLI proceeds to the four designated beneficiaries.

We affirm the judgment of the district court.