**Sandra M. HARDYMON, Plaintiff,**

v.

**Alma Maxine MILLER, Individually and as Executrix of the Estate of Dennis R. Miller, United States of America, and Citizens Bank of Lawrence County, Indiana, Defendants.**

**No. IP 87–1140–C.**

United States District Court, S.D. Indiana, Indianapolis Division.

Aug. 18, 1989.

S. Gregory Zubek, Kunz and Kunz, Indianapolis, Ind., for plaintiff.

Lesa Lux, Klineman Rose Wolf and Wallack, Indianapolis, Ind., for defendants.

## MEMORANDUM ENTRY ON PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

TINDER, District Judge.

### INTRODUCTION

This case involves an interesting question of diversity jurisdiction which can only be answered by first deciding the merits of the case. This court earlier decided that it

did have subject matter jurisdiction in an order dated the 7th of April, 1988. There is no dispute that diversity of citizenship exists and that the amount in controversy exceeds the statutory minimum of $10,000. Today the court concludes once again that the probate exception to diversity jurisdiction does not apply, and by granting plaintiff's motion for summary judgment the court reaffirms its earlier finding of jurisdiction.[*]

## STANDARD OF REVIEW

Summary judgment arises when there are no genuine disputes as to any material fact and when the moving party is entitled to judgment as a matter of law. Fed.R. Civ.P. 56. The facts must be viewed drawing all reasonable inferences in the light most favorable to the party opposing the motion, here the defendant. *Davis v. City of Chicago*, 841 F.2d 186, 189 (7th Cir. 1988). In this case there is some question about what evidence may be considered, demonstrated by plaintiff's motion to strike certain factual descriptions and a deposition which were presented with defendant's motion in opposition to summary judgment. The court need not rule on the propriety of considering these items for purposes of this case. Instead, the court considers all of the factual assertions filed with the court in the light most favorable to defendant and finds no genuine issue of material fact.

## FACTUAL BACKGROUND

Dennis Miller, now deceased, purchased United States savings bonds for which he and his daughter, Sandra Hardymon, plaintiff in this action, were the registered co-owners. These savings bonds have a value of approximately $33,000.00 and are identified by number as listed in Exhibit A of plaintiff's complaint. Late in his life, Mr. Miller desired to transfer the bonds to his wife, Alma Maxine Miller, the defendant. The defendant, the plaintiff, and Beth Fauber of the Employee Benefits Division

where Mr. Miller worked attended Mr. Miller in the Bloomington Hospital. Ms. Fauber supplied Mr. Miller with a form which she and Mr. Miller believed would effectively transfer the bonds to defendant. Before he signed the form, he expressed aloud his intention to give the bonds to his wife, and asked his daughter, plaintiff, if she understood. Plaintiff replied, "Daddy, anything you do is okay with me."

Ms. Fauber left the room for a period of time, and when she returned the plaintiff and Mr. Miller were hugging. Mr. Miller then signed the form supplied by Ms. Fauber. Ms. Fauber thought that everyone in the room believed that defendant was henceforward the beneficiary of all of Mr. Miller's bonds. However, the form turned out to involve only the payroll savings bond plan which allowed employees to purchase, through the company, bonds registered with a sole owner, co-owner, or owner and beneficiary. Mr. Miller did not have the bonds in question reissued or converted to cash, and the plaintiff did not sign any document relating to ownership of the bonds. Mr. Miller died on September 12, 1984.

After motions and other process by plaintiff and defendant involving Mr. Miller's will, defendant was eventually appointed personal representative of the estate. She sought to probate the will, and on July 5, 1985, the Lawrence Circuit Court held a hearing regarding the estate. Plaintiff failed to appear, and the circuit court found that the bonds in question were probate assets and ordered plaintiff to execute the bonds in favor of the estate. Plaintiff filed the present action in this court on October 23, 1987.

## APPLICABLE LAW

■ Absent fraud on the part of plaintiff, the federal regulations regarding United States bonds apply. *United States v. Chandler*, 410 U.S. 257, 262, 93 S.Ct. 880, 883, 35 L.Ed.2d 247 (1973). Federal regulations have the force of law. *Yiatchos v.*

[*] As noted in the previous order, the court has jurisdiction over the United States pursuant to

28 U.S.C. § 1346.

*Yiatchos,* 376 U.S. 306, 309, 84 S.Ct. 742, 744, 11 L.Ed.2d 724 (1964). The federal law supersedes any conflicting state law, including state property law, in matters concerning the ownership and transfer of United States bonds because of the need of the federal government to control its fundraising. *Free v. Bland,* 369 U.S. 663, 82 S.Ct. 1089, 8 L.Ed.2d 180 (1962). However, the federal regulations cannot be used as a shield for fraud. *Id.* at 670, 82 S.Ct. at 1094.

■ There is no fraud in this case. Fraud for purposes of these regulations is determined under federal law. *Yiatchos,* 376 U.S. at 309, 84 S.Ct. at 744. Fraud is "false representation in reference to a material fact made with knowledge of its falsity and with the intent to deceive with action taken in reliance upon the representation." *Hart v. McLucas,* 535 F.2d 516, 519 (9th Cir.1976) (citing *Pence v. United States,* 316 U.S. 332, 338, 62 S.Ct. 1080, 1083, 86 L.Ed. 1510 (1942)) (enumeration omitted).

■ Plaintiff has never falsely represented a material fact in a transaction with defendant or Mr. Miller involving the bonds in question. Generally, to constitute fraud a misrepresentation must be of existing fact. *Day v. Avery,* 548 F.2d 1018, 1026 (D.C.Cir.1976), *cert. denied,* 431 U.S. 908, 97 S.Ct. 1706, 52 L.Ed.2d 394 (1977). Nothing plaintiff did in this case amounted to any representation of existing fact. Moreover, plaintiff did not have particular expertise to know, nor fiduciary duty to explain, the legally effective method of transferring the bonds. Hence, she cannot be charged with fraud. *de Magno v. United States,* 636 F.2d 714, 720 (D.C.Cir.1980); *see also Moreau v. Oppenheim,* 663 F.2d 1300 (5th Cir.1981), *cert. denied,* 458 U.S. 1107, 102 S.Ct. 3486, 73 L.Ed.2d 1368 (1982).

## OWNERSHIP

■ The federal regulations place with plaintiff absolute ownership of the bonds which are the subject of this action. The bonds were not reissued. Bonds may only be reissued at a Federal Reserve bank or branch or the Bureau of Public Debt. 31 C.F.R. § 353.45. No attempt was made to reissue the bonds at either location. Further, the form of ownership of the bonds is conclusive of ownership. 31 C.F.R. § 353.5. Here, the bonds were purchased and remained in co-owner form, with Mr. Miller and plaintiff as co-owners.

Plaintiff is sole and absolute owner of the bonds. Plaintiff, as sole surviving co-owner, becomes sole and absolute owner immediately upon the death of Mr. Miller. 31 C.F.R. § 353.70. A judicial proceeding which reaches a different result is not recognized. 31 C.F.R. § 353.20(a). Hence, regardless of the fact that the Lawrence Circuit Court found that these bonds were probate assets, they are not probate assets under the controlling federal law, and plaintiff owns them absolutely.

## THE PROBATE EXCEPTION

■ The probate exception to diversity jurisdiction does not apply because the bonds are not probate assets. Hence, because of diversity of citizenship and an amount in controversy in excess of $10,000, this court has jurisdiction.

The probate exception is based upon the notion that federal courts should not interfere with the probate of an estate in state court. Though perhaps of "dubious ... historical pedigree," *Dragan v. Miller,* 679 F.2d 712, 713 (7th Cir.1982), *cert. denied,* 459 U.S. 1017, 103 S.Ct. 378, 74 L.Ed.2d 511 (1982), the exception has been justified on theories of expertise, legal certainty, and judicial economy. *Id.* at 714–715 (suggesting judicial economy as the most compelling reason for the exception).

In this case, the bonds are not probate assets. The bonds never became part of the estate. *McKee v. Hassebroek,* 337 F.2d 310, 312 (10th Cir.1964). Hence, this court is not taking over or in any way affecting or interfering with the probate of the estate of Mr. Miller. The bonds were mistakenly included in the estate and determination of their ownership cannot be accomplished through probate. The probate exception, therefore, cannot apply, and the

court accordingly has jurisdiction and GRANTS plaintiff's motion for summary judgment.

ALL OF WHICH IS ORDERED this 18th day of August, 1989.

### SUMMARY JUDGMENT IN FAVOR OF THE PLAINTIFF

The court having this day filed its Entry on the plaintiff's Motion for Summary Judgment in the above-captioned matter, now therefore, in accordance therewith,

IT IS ORDERED AND ADJUDGED that Sandra M. Hardymon is the rightful owner of the United States savings bonds that have a value of approximately $33,000.00 and that are identified by number as listed in Exhibit A of plaintiff's complaint. Therefore, Neil E. Shook, as escrow agent, is directed to release the United States savings bonds that are being held in escrow to the possession of Sandra M. Hardymon.