Judges LEWIS and McGEE concur.

━━━━━━━━━━

SANDRA LEITH LEWIS AND EBONY C. LEWIS, BY AND THROUGH HER GUARDIAN AD LITEM, SANDRA LEITH LEWIS, PLAINTIFFS V. ESTATE OF CHARLES ERIC LEWIS AND LAURA LEWIS, DEFENDANTS

No. COA99-551

(Filed 21 March 2000)

**Insurance— serviceman's death benefits—federal preemption**

Although plaintiff-first wife attempted to get a constructive trust placed on decedent's Servicemember's Group Life Insurance death benefits since decedent signed a Hawaiian divorce decree stating he would keep at least $50,000 in life insurance benefits for his child but subsequently named his second wife as the sole beneficiary of his $200,0000 death benefits, the trial court did not err in granting summary judgment in favor of defendant-second wife because: (1) decedent could freely choose his beneficiary under the federal Servicemember's Group Life Insurance Act (SGLIA) of 38 U.S.C.A. § 1917(a); (2) a servicemember's designation of beneficiary under SGLIA prevails over a state child support order requiring the servicemember to maintain life insurance for his child; and (3) the anti-attachment provision of SGLIA provides the death benefits shall not be liable to attachment, levy, or seizure by or under any legal or equitable process.

LEWIS v. ESTATE OF LEWIS

[137 N.C. App. 112 (2000)]

Appeal by plaintiffs from an order entered 26 January 1999 by Judge Robert B. Rader in Wake County District Court. Heard in the Court of Appeals 27 January 2000.

*Law Offices of Mark E. Sullivan, P.A., by Mark E. Sullivan and Nancy L. Grace, for plaintiff-appellants.*

*Monroe, Wyne & Wallace, by Robert E. Monroe, Administrator for the Estate of defendant-appellee Charles Eric Lewis.*

*The Law Office of John T. Benjamin, Jr., by John T. Benjamin, Jr. and William E. Hubbard, for defendant-appellee Laura Lewis.*

HUNTER, Judge.

Sandra Leith Lewis ("Leith") and Ebony C. Lewis ("Ebony") (collectively "plaintiffs") brought suit against the estate of Charles E. Lewis ("decedent") and his wife Laura Lewis ("Lewis"), seeking a constructive trust on decedent's Servicemember's Group Life Insurance ("SGLI") death benefits, of which Lewis is beneficiary. Defendant Lewis made a motion for summary judgment on the basis that under the federal Servicemember's Group Life Insurance Act ("SGLIA"), a serviceman may freely designate his beneficiary and federal law prevails over conflicting state law according to the Supremacy Clause of the United States Constitution. We agree with defendant, and affirm that portion of the trial court's order which granted her motion.

Evidence presented to the trial court indicated that Leith married decedent on 15 April 1985 and Ebony was the only child born to the couple. Leith and decedent were divorced in Hawaii by a decree which was effective 21 February 1990, and contained the following provision:

> For so long as there is a child support obligation, [decedent] shall maintain life insurance coverage (or aggregate life insurance policies) on his life which makes [Ebony] the primary irrevocable beneficiaries [sic] in the face amount of $50,000. If [decedent] dies without the required life insurance, his estate shall be liable to [Ebony] in the amount of insurance that should have been maintained. This provision is subject to further orders of the Court.

Decedent subsequently married defendant Lewis on 16 December 1995. On 16 January 1996, decedent named Lewis as the sole benefi-

ciary of his SGLI death benefits. Decedent died on 17 November 1996, and Ebony then applied for payment of fifty thousand dollars of decedent's SGLI benefits pursuant to the Hawaiian divorce decree. The claim was denied and $200,000.00, the full amount of the SGLI benefits, was paid to Lewis. Plaintiffs thereafter brought the present suit, alleging that:

d. [Decedent] induced [Leith] to sign the consent decree by promising to her that he would keep at least $50,000 in life insurance benefits for [Ebony].

e. This statement was false, and [Leith] relied on it to her detriment. Such reliance was reasonable.

f. After entry of the decree he changed his life insurance so that Defendant Lewis was his sole beneficiary.

g. He did not comply with the court's order to provide at [sic] the above death benefit to [Ebony] due to fraud, breach of duty or other wrongdoing.

Plaintiffs also alleged unjust enrichment of Lewis and sought a constructive trust for $50,000.00 for the benefit of Ebony, and made claims for specific performance and enforcement of the Hawaiian decree under the federal Full Faith and Credit for Child Support Orders Act. Both plaintiffs and defendant Lewis made a motion for summary judgment. The trial court granted the motion of Lewis for summary judgment against plaintiffs, but also granted plaintiffs' motion for summary judgment as to the estate of decedent. Plaintiffs appeal the granting of summary judgment for Lewis.

Summary judgment is the device whereby judgment is rendered if the pleadings, depositions, interrogatories, and admissions on file, together with any affidavits, show that there is no genuine issue as to any material fact and that any party is entitled to judgment as a matter of law. N.C.R. Civ. P. 56. In the present case, plaintiffs assert the trial court erred in granting summary judgment for defendant Lewis because decedent committed fraud and breached a fiduciary duty to plaintiffs and therefore Lewis holds a constructive trust for Ebony. Lewis denies plaintiffs' allegations of decedent's wrongdoing, and contends that despite the order of any state, or violation of any state's laws by decedent, decedent could freely designate his beneficiary and the proceeds are not attachable under SGLIA. We agree with defendant, based on a review of the provisions of SGLIA and the holding by

the United States Supreme Court in *Ridgway v. Ridgway*, 454 U.S. 46, 70 L. Ed. 2d 39 (1981).

First, we note that under SGLIA, decedent could freely choose his beneficiary:

> The insured shall have the right to designate the beneficiary or beneficiaries of insurance . . . and shall, subject to regulations, at all times have the right to change the beneficiary or beneficiaries of such insurance without the consent of such beneficiary or beneficiaries.

38 U.S.C.A. § 1917(a) (1991). Therefore, decedent could change his beneficiary from Ebony to Lewis without informing plaintiffs or gaining their consent.

The United States Supreme Court has held that a servicemember's designation of beneficiary under SGLIA prevails over a state child support order requiring the servicemember to maintain life insurance for his children. In *Ridgway*, the facts indicated Army Sergeant Richard H. Ridgway ("Ridgway") was ordered by the courts of Maine, at the time of his divorce from wife April, to keep current insurance policies in force for the benefit of his three children. At the time of the divorce, Ridgway's life was insured under a policy for $20,000.00 issued by Prudential Insurance Company pursuant to the SGLIA, with April as beneficiary. Subsequently, Ridgway married his second wife, Donna Ridgway, and changed the policy's beneficiary designation, directing that it be paid as specified "by law." Under SGLIA, the serviceman can name a beneficiary, and if none is named, the proceeds go to his spouse at the time of his death. *Id.; see* 38 U.S.C.A. § 1970(a) (1991). After Ridgway's death, April Ridgway instituted suit in Superior Court for Androscoggin County, Maine for a declaratory judgment that her children were entitled to the SGLI proceeds. Donna Ridgway also asserted a claim for the proceeds, whereupon April Ridgway cross-claimed, asking for a constructive trust on any proceeds paid to Donna Ridgway for the benefit of the Ridgway children. The Superior Court for Androscoggin County, Maine ruled in favor of Donna Ridgway, stating that a constructive trust on the SGLI proceeds would interfere with the operation of the SGLIA, running afoul of the Supremacy Clause of the United States Constitution. The Supreme Judicial Court of Maine reversed. The United States Supreme Court granted certiorari and reversed the Supreme Judicial Court of Maine, stating:

[T]he insured service member possesses the right freely to designate the beneficiary and to alter that choice at any time by communicating the decision in writing to the proper office. . . . "Congress has spoken with force and clarity in directing that the proceeds belong to the named beneficiary and no other."

*Ridgway*, 454 U.S. at 56, 70 L. Ed. 2d at 48 (*quoting Wissner v. Wissner*, 338 U.S. 655, 94 L. Ed. 424 (1950)).

Federal law and federal regulations bestow upon the service member an absolute right to designate the policy beneficiary.

That right is personal to the member alone. . . .

We conclude, therefore, that the controlling provisions of the SGLIA prevail over and displace inconsistent state law.

The imposition of a constructive trust upon the insurance proceeds is also inconsistent with the anti-attachment provision . . . of the SGLIA. . . .

. . .

We find nothing to indicate that Congress intended to exempt claims based on property settlement agreements from the strong language of the anti-attachment provision.

*Ridgway*, 454 U.S. at 59-61, 70 L. Ed. 2d at 51-52 (footnotes omitted). The strong anti-attachment provision of SGLIA mentioned in *Ridgway* provides that SGLI benefits

shall be exempt from taxation, shall be exempt from the claims of creditors, and shall not be liable to attachment, levy, or seizure by or under any legal or equitable process whatever, either before or after receipt by the beneficiary. . . .

38 U.S.C.A. § 1970(g) (Supp. 1999). This provision

". . . ensures that the benefits actually reach the beneficiary. It pre-empts all state law that stands in its way. It protects the benefits from legal process '[n]otwithstanding any other law . . . of any State.' . . . It prevents the vagaries of state law from disrupting the national scheme, and guarantees a national uniformity that enhances the effectiveness of congressional policy."

*Ridgway*, 454 U.S. at 61, 70 L. Ed. 2d at 52 (*quoting Hisquierdo v. Hisquierdo*, 439 U.S. 572, 584, 59 L. Ed. 2d 1, 12 (1979)). The Court in

*Ridgway* noted that the possession of government insurance payable to the beneficiary of the servicemember's choice was designed to directly enhance morale, a purpose within congressional power pertaining to national defense. *Id.* at 56-57, 70 L. Ed. 2d at 49 *(citing Wissner v. Wissner*, 338 U.S. 655, 94 L. Ed. 424).

The Court in *Ridgway* did indicate, but did not hold, that if Ridgway's conduct had amounted to conversion of another's property, another result may have ensued. The Court cited *Yiatchos v. Yiatchos*, 376 U.S. 306, 11 L. Ed. 2d 724 (1964), where a husband had used community property to buy federal bonds designating his brother as beneficiary. Community property usually includes all property acquired by either spouse during a marriage other than by gift, devise, or descent. 15A Am. Jur. 2d *Community Property* § 3 (1976). The Court in *Yiatchos* held that the husband could not deprive his wife of her interest in community property by using it to buy federal bonds and designating his brother as beneficiary:

> Under the federal regulations petitioner is entitled to the bonds unless his deceased brother committed fraud or breach of trust tantamount to fraud. Since the construction and application of a federal regulation having the force of law, are involved, whether or not there is fraud which will bar the named beneficiary in a particular case must be determined as a matter of federal law[.] But in applying the federal standard we shall be guided by state law insofar as the property interests of the widow created by state law are concerned. It would seem obvious that the bonds may not be used as a device to deprive the widow of property rights which she enjoys under Washington law and which would not be transferable by her husband but for the survivorship provisions of the federal bonds.

*Yiatchos*, 376 U.S. at 309, 11 L. Ed. 2d at 728 (citations omitted). Unlike *Yiatchos*, the present case does not concern federal bonds or community property. Contrary to plaintiffs' assertion, the *Ridgway* court never stated that fraud or breach of fiduciary duty by a servicemember would defeat the provisions of SGLIA. In dicta, the Court merely pointed out that the beneficiary and anti-attachment provisions of SGLIA may possibily be overcome in circumstances where a claimant had property rights in the proceeds. This situation occurred in *In re Marriage of Gonzales*, 168 Cal. App. 3d 1021 (1985), where a life insurance policy covering the husband was originally a military policy but had been converted to an individual policy under SGLIA with community funds when the husband retired and the parties were

still married. Thus, the appellate court held, the policy was properly designated as community property by the trial court. *Id.* Plaintiffs make no allegation that they have property rights in decedent's SGLI death benefits in the present case.

In *Cipollone v. Liggett Group, Inc.*, 505 U.S. 504, 120 L. Ed. 2d 407 (1992), the United States Supreme Court explained that state law is not preempted by federal law unless it is the "clear and manifest purpose of Congress" to effect preemption, a purpose that can be demonstrated by the express language of the federal enactment or its structure and purpose, or by a direct conflict between the terms of the federal and state enactments, or by a showing that federal law occupies the field so completely as to justify the inference that state legislation addressing that subject is precluded. 505 U.S. at 516, 120 L. Ed. 2d at 422 (*quoting Rice v. Santa Fe Elevator Corp.*, 331 U.S. 218, 91 L. Ed. 1447 (1947)). As we have previously noted, the United States Supreme Court has held that there is a clear and manifest purpose by Congress that the controlling provisions of the SGLIA prevail over and displace inconsistent state law. *Ridgway*, 454 U.S. at 60, 70 L. Ed. 2d at 51. Thus, we do not analyze plaintiffs' claims any further in our determination since they are preempted by the beneficiary and anti-attachment provisions of SGLIA.

As the United States Supreme Court stated in *Ridgway*, "[w]e recognize that this unpalatable case suggests certain 'equities' in favor of the . . . child[] and the[] mother." *Ridgway*, 454 U.S. at 62, 70 L. Ed. 2d at 53. However, based on the foregoing, we hold that any alleged violation of state law by decedent or order of a state court does not defeat the provisions of SGLIA. There are no genuine issues of material fact and as a matter of law, Lewis is entitled to decedent's SGLI benefits under SGLIA. The trial court properly granted summary judgment for Lewis, and that portion of its order is affirmed.

Affirmed.

Judges JOHN and McGEE concur.