NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| GEORGETTE McNABB,<br><br>        Plaintiff - Appellant,<br><br>  v.<br><br>UNITED STATES DEPARTMENT OF THE ARMY; UNITED STATES DEPARTMENT OF VETERANS AFFAIRS; PRUDENTIAL INSURANCE COMPANY OF AMERICA,<br><br>        Defendants/Third-Party Plaintiffs - Appellees,<br><br>  v.<br><br>JANA LEE SMITH; THE ESTATE OF BARETT WAMBLI MCNABB,<br><br>        Third-Party Defendants - Appellees. | No. 13-35502<br><br>D.C. No. 3:12-cv-06038-RBL<br><br>MEMORANDUM<sup>*</sup> |

Appeal from the United States District Court
for the Western District of Washington
Ronald B. Leighton, District Judge, Presiding

---

    \*    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Argued and Submitted May 5, 2015
Seattle, Washington

Before: GOULD and CHRISTEN, Circuit Judges, and BLOCK, Senior District Judge.[**]

Georgette McNabb appeals the dismissal of her claims against the United States Department of Veterans Affairs ("VA"), the United States Department of the Army ("Army"), and Prudential Insurance Company of America ("Prudential"). With respect to the VA, we vacate and remand with instructions to dismiss for lack of subject-matter jurisdiction. With respect to the remaining two defendants, we affirm.

1. 38 U.S.C. § 1975 grants the district court jurisdiction over "any civil action or claim against the United States founded upon this subchapter," i.e., the subchapter governing the Servicemembers' Group Life Insurance program ("SGLI"). We have said that the statute waives sovereign immunity, but that the waiver "extends only to actions alleging breach of an explicit or implicit duty under the SGLI subchapter." *Denton v. United States*, 638 F.2d 1218, 1220 (9th Cir. 1981). Mrs. McNabb claims that the VA breached the insurance policy "by failing to approve coverage and find compensability to pay the death benefit to [her] as required by the terms of said policy." There is, however, no statute or

---

[**] The Honorable Frederic Block, Senior United States District Judge for the Eastern District of New York, sitting by designation.

regulation imposing any claims-processing duties on the VA. Because Mrs. McNabb's claim against the VA is not "founded upon" the SGLI subchapter, it is barred by sovereign immunity.

2.　　By contrast, Mrs. McNabb's claim against the Army is that it breached its explicit statutory duty to notify her of SSgt. McNabb's February 2012 beneficiary change. *See* 38 U.S.C. § 1967(f)(3). Thus, it falls squarely within the waiver of sovereign immunity identified in *Denton*.

The Supreme Court has cautioned that waivers of sovereign immunity must be "unequivocally expressed" and "construed strictly in favor of the sovereign." *United States v. Nordic Vill., Inc.*, 503 U.S. 30, 33–34 (1992) (internal quotation marks and citations omitted). It is also true that the waiver "must extend unambiguously to . . . monetary claims," *Lane v. Pena*, 518 U.S. 187, 192 (1996), and that "Congress is free to waive the Federal Government's sovereign immunity against liability without waiving its immunity from monetary damages awards." *Id.* at 196.

Section 1975 meets these standards. Its grant of jurisdiction over claims "founded upon" the SGLI subchapter necessarily assumes that such claims exist. And money damages must have been contemplated—at least for breaches of

3

§ 1967(f)'s duty to provide notice—because injunctive or declaratory relief would be meaningless remedies.

Although we reject the Army's claim of sovereign immunity, we agree with the district court that Mrs. McNabb failed to state a viable claim. She argues that notice of the beneficiary change would have enabled her to seek relief from the state court presiding over the dissolution proceeding. She concedes that the state court could not have ordered SSgt. McNabb to retain her as beneficiary, *see Ridgway v. Ridgway*, 454 U.S. 46, 60 (1981) (invalidating such an order under the Supremacy Clause), but suggests that it would have ordered him to provide substitute life-insurance coverage at his own expense. There are, however, no allegations to support that theory. The relief Mrs. McNabb would have obtained from the state court is a matter of speculation insufficient to survive a motion to dismiss under the plausibility standard set forth in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

3. Mrs. McNabb's claim against Prudential starts from the premise that the February 2012 beneficiary change was invalid. By statute, the Army's alleged failure to provide the notice required by § 1967(f)(3) "does not affect the validity of any . . . beneficiary designation." 38 U.S.C. § 1967(f)(4). We disagree that *Yiatchos v. Yiatchos*, 376 U.S. 306 (1964), supports an exception for lack of notice

4

occasioned by a service member's fraud. *Yiatchos* involved a fraud "'on the part of a husband while acting in his capacity as manager of the general community property.'" *Id.* at 307 (quoting *Free v. Bland*, 369 U.S. 663, 670 (1962)). A SGLI policy is not community property. *See Ridgway*, 454 U.S. at 59–60 ("Federal law and federal regulations bestow upon the service member an absolute right to designate the policy beneficiary. That right is personal to the member alone.").

We acknowledge the tension between a spouse's clear right to notice of a beneficiary change and the equally clear lack of any right to prevent the change. The tension no doubt reflects a legislative balancing of competing interests. Any adjustment to that balance must likewise come from Congress.

AFFIRMED in part, VACATED in part, and REMANDED with instructions. Each party shall bear its own costs on appeal.

FILED

AUG 19 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

CHRISTEN, Circuit Judge, concurring in part and dissenting in part:

I agree with the majority that sovereign immunity bars Mrs. McNabb's claim against the VA, and that the claim against Prudential fails because the Army's alleged failure to provide notice does not affect the validity of the beneficiary designation. But on the majority's holding that the Army has no claim to sovereign immunity, I respectfully dissent.

As the majority acknowledges, it is well established that "[t]he federal government may waive its sovereign immunity, but any waiver 'must be unequivocally expressed in statutory text . . . and will not be implied.'" *Ordonez v. United States*, 680 F.3d 1135, 1138 (9th Cir. 2012) (quoting *Lane v. Pena*, 518 U.S. 187, 192 (1996)). "To sustain a claim that the Government is liable for awards of monetary damages, the waiver of sovereign immunity must extend unambiguously to such monetary claims." *Lane v. Pena*, 518 U.S. at 192. "Any ambiguities in the statutory language are to be construed in favor of immunity, so that the Government's consent to be sued is never enlarged beyond what a fair reading of the text requires. Ambiguity exists if there is a plausible interpretation of the statute that would not authorize money damages against the Government." *F.A.A. v. Cooper*, 132 S.Ct. 1441, 1448 (2012) (citations omitted).

38 U.S.C. § 1975 merely grants jurisdiction over "any civil action or claim against the United States founded upon th[e SGLI] subchapter." 38 U.S.C. § 1967(f)(3) provides that the Army had a duty to notify Mrs. McNabb of the beneficiary change, but offers no remedy at all—much less monetary damages—for breach of that duty. Neither § 1975 nor § 1967 contains an unambiguous waiver of sovereign immunity to monetary claims. *See Lane*, 518 U.S. at 192. Rather than interpreting statutory silence in favor of waiver, I would heed the Supreme Court's guidance that ambiguity—and thus, immunity—exists if "there is a plausible interpretation of the statute that would not authorize money damages against the Government." *See Cooper*, 132 S.Ct. at 1448 (citing *United States v. Nordic Vill., Inc.*, 503 U.S. 30, 34, 37 (1992)). Because, in my view, there is no waiver of sovereign immunity for Mrs. McNabb's damages claim against the Army, I would vacate the district court's decision on that claim and remand with instructions to dismiss for lack of subject matter jurisdiction.