MEMORANDUM **
Georgette MeNabb appeals the dismissal of her claims against the United States Department of Veterans Affairs (“VA”), the United States Department of the Army (“Army”), and Prudential Insurance Company of America (“Prudential”). With respect to the VA, we vacate and remand ■with instructions to dismiss for lack of subject-matter jurisdiction. With respect to the remaining two defendants, we affirm.
1. 38 U.S.C. § 1975 grants the district court jurisdiction over “any civil action or claim against the United States founded upon this subchapter,” i.e., the subchapter governing the Servicemembers’ Group Life Insurance program *872 (“SGLI”). We have said that the statute waives sovereign immunity, but that the waiver “extends only to actions alleging breach of an explicit or implicit duty under the SGLI subchapter.” Denton v. United States, 638 F.2d 1218, 1220 (9th Cir.1981). Mrs. McNabb claims that the VA breached the insurance policy “by failing to approve coverage and find compensability to pay the death benefit to [her] as required by the terms of said policy.” There is, however, no statute or regulation imposing any claims-processing duties on the VA. Because Mrs. McNabb’s claim against the VA is not “founded upon” the SGLI subchap-ter, it is barred by sovereign immunity.
2. By 'contrast, Mrs. McNabb’s claim against the Army is that it breached its explicit statutory duty to notify her of SSgt. McNabb’s February 2012 beneficiary change. See 38 U.S.C. § 1967(f)(3). Thus, it falls squarely within the waiver of sovereign immunity identified in Denton.
The Supreme Court has cautioned that waivers of sovereign immunity must be “unequivocally expressed” and “construed strictly in favor of the sovereign.” United States v. Nordic Vill., Inc., 503 U.S. 30, 33-34, 112 S.Ct. 1011, 117 L.Ed.2d 181 (1992) (internal quotation marks and citations omitted). It is also true that the waiver “must extend unambiguously to ... monetary claims,” Lane v. Pena, 518 U.S. 187, 192, 116 S.Ct. 2092, 135 L.Ed.2d 486 (1996), and that “Congress is free to waive the Federal Government’s sovereign immunity against liability without waiving its immunity from monetary damages awards.” Id. at 196,116 S.Ct. 2092.
Section 1975 meets these standards. Its grant of jurisdiction over claims “founded upon” the SGLI subchapter necessarily assumes that such claims exist. And money damages must have been contemplated— at least for breaches of § 1967(f)’s duty to provide notice — because injunctive or declaratory relief would be meaningless remedies.
Although we reject the Army’s claim of sovereign immunity, we agree with the district court that Mrs. McNabb failed to state a viable claim. She argues that notice of the beneficiary change would have enabled her to seek relief from the state court presiding over the dissolution proceeding. She concedes that the state court could not have ordered SSgt. McNabb to retain her as beneficiary, see Ridgway v. Ridgway, 454 U.S. 46, 60, 102 S.Ct. 49, 70 L.Ed.2d 39 (1981) (invalidating such an order under the Supremacy Clause), but suggests that it would have ordered him to provide substitute life-insurance coverage at his own expense. There are, however, no allegations to support that theory. The relief Mrs. McNabb would have obtained from the state court is a matter of speculation insufficient to survive a motion to dismiss under the plausibility standard set forth in Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007), and Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).
3. Mrs. McNabb’s claim against Prudential starts from the premise that the February 2012 beneficiary change was invalid. By statute, the Army’s alleged failure to provide the notice required by § 1967(f)(3) “does not affect the validity of any ... beneficiary designation.” 38 U.S.C. § 1967(f)(4). We disagree that . Yiatchos v. Yiatchos, 376 U.S. 306, 84 S.Ct. 742, 11 L.Ed.2d 724 (1964), supports an exception for lack of notice occasioned by a service member’s fraud. Yiatchos involved a fraud “ ‘on the part of a husband while acting in his capacity as manager of the general community property.’ ” Id. at 307, 84 S.Ct. 742 (quoting Free v. Bland, 369 U.S. 663, 670, 82 S.Ct. 1089, 8 L.Ed.2d *873 180 (1962)). A SGLI policy is not community property. See Ridgway, 454 U.S. at 59-60, 102 S.Ct. 49 (“Federal law and federal regulations bestow upon the service member an absolute right to designate the policy beneficiary. That right is personal to the member alone.”).
We acknowledge the tension between a spouse’s clear right to notice of a beneficiary change and the equally clear lack of any right to prevent the change. The tension no doubt reflects a legislative balancing of competing interests. Any adjustment to that balance must likewise come from Congress.
AFFIRMED in part, VACATED in part, and REMANDED with instructions. Each party shall bear its own costs on appeal.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.