**Pauline ROEBLING, Petitioner,**

v.

**OFFICE OF PERSONNEL MANAGEMENT, Respondent.**

**Appeal No. 84–1740.**

United States Court of Appeals, Federal Circuit.

April 15, 1986.

---

Christopher W. Katzenbach, Pillsbury, Madison & Sutro, of San Francisco, Cal., argued for petitioner. With him on the brief was Clement L. Glynn.

Russell B. Kinner, Commercial Litigation Branch, Dept. of Justice, of Washington, D.C., argued for respondent. With him on the brief were Richard K. Willard, Asst. Atty. Gen., David M. Cohen, Director and Robert A. Reutershan. Joseph A. Morris, Gen. Counsel, Thomas F. Moyer, Asst. Gen. Counsel and Earl A. Sanders, Office of the Gen. Counsel, Office of Personnel Management, of counsel.

Before FRIEDMAN, NIES, and BISSELL, Circuit Judges.

FRIEDMAN, Circuit Judge.

The issue in this review of a decision of the Merit Systems Protection Board (Board) is whether the California community property law entitled the surviving spouse of a retired federal employee who elected a full disability retirement annuity without survivor benefits to a federal survivor's annuity after the death of the retired employee. The Board held that the surviving spouse was not entitled to the survivor's benefits that the employee had rejected. We affirm.

I

The deceased husband of petitioner Pauline Roebling retired from federal service in April 1977 because of disability. During their entire married life, the petitioner and her husband lived in California, a community property state.

When the petitioner retired, he was informed that he could "elect a reduced annuity for [himself] with survivor benefit

payable to [his] spouse after [his] death," or he could receive a regular annuity with no benefits payable to his surviving spouse. He made an affirmative written election to receive an "annuity without survivor benefit[s]," which according to the application he signed meant that his "wife ... [could not] be paid a survivor annuity after [his] death" and that "this type [of annuity] provide[d] annuity payments to [him] only."

Following Mr. Roebling's death in 1981, the petitioner filed with the Office of Personnel Management (OPM) a survivor annuity amendment application, in which she sought survivor's annuity benefits. She asserted (1) that her husband was mentally incapacitated when he made the election, and (2) that under California community property law she had a vested interest in her husband's annuity, which he could not waive without her consent.

OPM denied her application. In its final reconsideration decision, OPM stated that her husband had the right under federal law "regardless of individual state law," to "elect in writing at the time of retirement not to provide survivor benefits." OPM referred her claim that her husband was mentally ill when he made the election to another division in that agency for a "ruling on this point," and that issue is not before us. It also rejected another ground, not pressed here, upon which the agency previously had denied her application.

The Board sustained the OPM decision. It held that no error had been shown in OPM's determination that "5 U.S.C. § 8339(j), which allows a retiree to elect an annuity without survivor benefits, took precedence over [the petitioner's] asserted right to a share in her husband's retirement benefits under the state's community property laws."

## II

A. 1. The principal ground upon which the petitioner here challenges the rejection of her claim for survivor's benefits is that under the California community property law, she had a state-protected property interest in her husband's annuity, which her husband could not defeat by electing an annuity without survivor's benefits. Since she does not claim that she was denied her community share of the full annuity he received during the more than four years between his retirement and his death, her argument necessarily is that California law gives her the right to an annuity that her husband specifically had declined to take. In other words, she contends that California law must take precedence over federal law in determining what kind of annuity a federal employee may select upon retirement when that employee and his spouse reside in a community property state.

The federal civil service retirement statute in effect when the petitioner's husband retired provided that the surviving spouse of a retired employee was entitled to an annuity "unless the employee ... notif[ied] the [Civil Service] Commission in writing at the time of retirement that he [did] not desire any spouse surviving him to receive [the] annuity." 5 U.S.C. § 8341(b)(1) (1976). *See also* 5 U.S.C. § 8339(j)(1) (1976). This statute explicitly gave the retiring employee the right to select the type of annuity he would receive. It insured that an employee who elected not to provide a survivor's annuity did so intentionally and not inadvertently, by requiring the employee to notify the Commission in writing at the time of retirement that he did not want a surviving spouse to receive an annuity.

"Congress has the power to determine the character of a federally created benefit." *Hisquierdo v. Hisquierdo*, 439 U.S. 572, 579, 99 S.Ct. 802, 807, 59 L.Ed.2d 1 (1979). There is no question that Congress acted well within its authority to define the terms and conditions of federal employment when it specified, as one of the elements of such employment, that a retiring employee could elect to receive a larger annuity by providing no annuity for a surviving spouse.

The Supreme Court dealt with a closely related issue in *Wissner v. Wissner*, 338 U.S. 655, 70 S.Ct. 398, 94 L.Ed. 424 (1950).

There a serviceman in World War II, who was estranged from his wife, designated his parents as beneficiaries under his National Service Life Insurance policy. Following the serviceman's death, his widow brought suit in a California court to obtain one-half of the insurance proceeds, to which she claimed she was entitled under the California community property law. The California appellate court upheld her claim, on the ground that under the community property law she had a "vested right" to half of the insurance proceeds.

The Supreme Court reversed. It stated:

> The controlling section of the Act provides that the insured "shall have the right to designate the beneficiary or beneficiaries of the insurance [within a designated class], ... and shall ... at all times have the right to change the beneficiary or beneficiaries...." 38 U.S.C. § 802(g). Thus Congress has spoken with force and clarity in directing that the proceeds belong to the named beneficiary and no other. Pursuant to the congressional command, the Government contracted to pay the insurance to the insured's choice. He chose his mother. It is plain to us that the judgment of the lower court, as to one-half of the proceeds, substitutes the widow for the mother, who was the beneficiary Congress directed shall receive the insurance money. We do not share appellee's discovery of congressional purpose that widows in community property states participate in the payments under the policy, contrary to the express direction of the insured. Whether directed at the very money received from the Government or an equivalent amount, the judgment below nullifies the soldier's choice and frustrates the deliberate purpose of Congress. It cannot stand.

*Id.* at 658–59, 70 S.Ct. at 400.

The Court further pointed out:

> The federal statute establishes the fund in issue, and forestalls the existence of any "vested" right in the proceeds of federal insurance. Hence no constitutional question is presented. However "vested" her right to the proceeds of nongovernmental insurance under California law, that rule cannot apply to this insurance.

*Id.* at 661, 70 S.Ct. at 401.

*Ridgway v. Ridgway*, 454 U.S. 46, 102 S.Ct. 49, 70 L.Ed.2d 39 (1981), similarly involved an attempt to apply state law to defeat a serviceman's choice of beneficiary under the successor insurance statute. Following his divorce, the serviceman changed the beneficiary from his former spouse to his second wife. After his death, the Supreme Judicial Court of Maine directed that a constructive trust be imposed upon the insurance proceeds for the benefit of his children by his former spouse.

The Supreme Court reversed, holding that *Wissner* controlled and required distribution of the insurance proceeds to the beneficiary the serviceman had selected. It stated: "Federal law and federal regulations bestow upon the service member an absolute right to designate the policy beneficiary. That right is personal to the member alone. It is not a shared asset subject to the interests of another, as is community property." *Id.* at 59–60, 102 S.Ct. at 57. *See also McCarty v. McCarty*, 453 U.S. 210, 101 S.Ct. 2728, 69 L.Ed.2d 589 (1981) (California community property law improperly applied to give divorced former spouse one-half of serviceman's military retired pay; "the decision whether to leave an annuity is the service member's decision alone *because* retired pay is his or her personal entitlement."). *Id.* at 226–27, 101 S.Ct. at 2738.

■ The reasoning of those decisions is equally applicable to the present case, and compels the same conclusion, namely, that the California community property law cannot be applied to defeat the retired employee's right to determine whether to take a full annuity and thereby deny his spouse a survivor's annuity. That right "is personal" to the employee "alone," and it is not "a shared asset subject to the interests of another, as is community property." *Ridgway, supra.*

Congress gave federal employees the exclusive right to determine upon retirement whether or not to provide an annuity for a surviving spouse. The surviving spouse's attempt in this case to apply the California community property law to defeat the retired employee's decision not to provide a survivor's annuity fails under the supremacy clause because application of that law, would directly conflict with the federal statutes that explicitly permit the retiring employee to take that action and would significantly frustrate the objectives Congress thus sought to achieve. *McCarty*, 453 U.S. at 232–33, 101 S.Ct. at 2741; *Hisquierdo*, 439 U.S. at 581–83, 99 S.Ct. at 808–09.

2. The petitioner contends, however, that amendments to the civil service retirement laws made after her husband elected not to provide a survivor's annuity reflect a congressional policy favoring surviving spouses, which justifies the application of the California community property law to defeat the husband's election.

The first amendment to which the petitioner refers required notice to the spouse before an employee could elect not to provide a survivor's annuity. Act of Oct. 7, 1980, Pub.L. No. 96–391, 94 Stat. 1557. The later amendments required consent of the spouse before an employee could elect against a survivor's annuity. Civil Service Retirement Spouse Equity Act of 1984, Pub.L. No. 98–615, 98 Stat. 3195. They also provided retroactive benefits for two categories of spouses, neither of which covers the petitioner: (1) certain divorced former spouses of employees who had retired before May 7, 1985, and (2) retirees who retired before May 7, 1985, and had married after retirement. *Id.* at 3204–06. *See also* H.R.Rep. No. 1054, 98th Cong., 2d Sess. 26–28, *reprinted in* 1984 U.S.Code Cong. & Ad.News 5540, 5557–58.

■ These amendments, however, were (except as noted) prospective in operation and changed the statute. They do not undermine or negate the reasoning that has led us to conclude that the California community property law cannot be applied to invalidate the petitioner's husband's election, made in accordance with the law as it then stood, not to provide a survivor's annuity.

■ B. The petitioner also contends that her husband's election not to provide a survivor's annuity constituted a fraudulent diversion of community property which, under *Yiatchos v. Yiatchos*, 376 U.S. 306, 84 S.Ct. 742, 11 L.Ed.2d 724 (1964), invalidated the election. In *Yiatchos*, the Court ruled that if a husband had used community property without the wife's consent to purchase federal savings bonds that were payable to his brother upon his death, the surviving wife would be entitled to her community share of the bonds.

In the present case, in contrast, the petitioner's husband did not use community property to purchase assets that were excluded from the community. He merely exercised his right under the civil service retirement laws to obtain a larger annuity by not providing benefits for his surviving spouse. His actions were similar to those of the servicemen in *Wissner* and *Ridgway*, who designated persons other than their spouses as the beneficiaries of their insurance. As the Supreme Court stated in rejecting a similar contention in *Ridgway*, by exercising his "power to create and change a beneficiary interest in his ... insurance ... [the serviceman] hardly can be said to have committed fraud." 454 U.S. at 60, 102 S.Ct. at 57. The only annuity retirement that constituted community property was the undiminished annuity the petitioner's husband received following his retirement, and the petitioner makes no claim that she was denied her proper share of that property.

## CONCLUSION

The decision of the Merit Systems Protection Board denying the petitioner's application for a survivor's annuity is affirmed.

AFFIRMED.