**Laverne W. DAVIS, Petitioner,**

v.

**OFFICE OF PERSONNEL MANAGEMENT, Respondent.**

No. 91–3017.

United States Court of Appeals, Federal Circuit.

July 10, 1991.

Neil C. Bonney, Neil C. Bonney & Associates, Virginia Beach, Va., argued, for petitioner. Of counsel was Karen M. Rye.

J. Peter Mulhern, Commercial Litigation Branch, Dept. of Justice, Washington, D.C., argued, for respondent. With him on the brief, were Stuart M. Gerson, Asst. Atty. Gen., David M. Cohen, Director and Jeanne E. Davidson, Asst. Director. Also on the brief, was Jaime Ramon, Gen. Counsel, Office of Personnel Management, of counsel.

Before NIES, Chief Judge, SKELTON, Senior Circuit Judge, and MICHEL, Circuit Judge.

NIES, Chief Judge.

## DECISION

Laverne Davis appeals from the September 24, 1990, decision of the Merit Systems Protection Board upholding rulings of the Office of Personnel Management (1) that petitioner had no right to file a posthumous claim for disability retirement on behalf of her deceased husband and (2) that she was not entitled to a survivor annuity under 5 U.S.C. § 8341 (1988). *Davis v. Office of Personnel Management* [46 M.S.P.R. 106 (table)]. Because petitioner failed to establish either a legal or factual error in the Board's decision, we affirm.

## BACKGROUND

Percell Davis, petitioner's deceased husband, worked as a sandblaster for the Department of the Navy from March 9, 1979, until November 10, 1980, when Mr. Davis' deteriorated physical condition prompted the agency to place him in an enforced-leave status. He remained in an enforced-leave status for several years, and in 1985 challenged the agency's action as a constructive suspension. While this appeal was pending, the Navy effected his removal on July 25, 1986. Mr. Davis then filed another appeal which disputed his removal and again attacked the Navy's original decision to put him in enforced-leave status, updating the dates of that claim. On August 30, 1986, while his two appeals were pending, Mr. Davis died.

The Board thereafter held that the Navy's decision to put Mr. Davis in enforced-leave status was improper and ordered the Navy to award back pay and benefits to Mr. Davis' estate. *Davis v. Department of the Navy*, 38 MSPR 592 (MSPB 1988). The removal action, however, was sustained. *See Davis v. Department of the Navy*, No. PH07528610626 (MSPB December 15, 1986).

After Mr. Davis' death, petitioner, as the administratrix of the estate of Mr. Davis, filed two applications for a disability retirement annuity on behalf of her deceased husband, one before the decision on the improper suspension and another after that decision was rendered. On her own behalf, she filed a claim for a survivor annuity as the surviving spouse of a federal employee under 5 U.S.C. § 8341.*

The Office of Personnel Management (OPM) rejected the disability retirement application filed on behalf of Mr. Davis after his death. OPM then determined that since Mr. Davis had never established a valid claim to such an annuity, petitioner was not entitled to an annuity as a surviving spouse. Lastly, OPM found that Mr. Davis was not a federal employee at the time of his death because he had been removed on July 25, 1986, and, accordingly, found that petitioner did not qualify for an annuity as the surviving spouse of a deceased federal employee.

As indicated above, the Board affirmed OPM's determinations. Relying upon this court's decision in *Oshiver on behalf of Oshiver v. Office of Personnel Management,* 896 F.2d 540 (Fed.Cir.1990), the Board held, *inter alia,* that the right to file for a disability annuity is personal to the employee, and affirmed OPM's denial of an application for a disability retirement annuity filed on his behalf. No decision was made by OPM or the board on whether or not Mr. Davis would have been entitled to a disability annuity had he applied. The Board then concluded that petitioner had "no right to a survivor annuity derived from the disability retirement annuity which she claims that her late husband should have received." *Davis,* No. PH08319010227, slip op. at 2.

## ISSUES

1. Is petitioner, as administratrix of her husband's estate, entitled to file an application for a disability retirement annuity on behalf of her deceased husband?

2. Assuming Mr. Davis was eligible for disability retirement when he died, would his eligibility entitle petitioner to receive a survivor's annuity regardless of whether he filed an application?

## DISCUSSION

Under 5 U.S.C. § 7703(c) (1988), to prevail petitioner must establish that the Board acted arbitrarily, capriciously, abused its discretion, or acted otherwise not in accordance with the law. *See Cheeseman v. Office of Personnel Management,* 791 F.2d 138, 140 (Fed.Cir. 1986), *cert. denied,* 479 U.S. 1037, 107 S.Ct. 891, 93 L.Ed.2d 844 (1987).

Petitioner seeks a survivor annuity from the Civil Service Retirement and Disability Fund pursuant to 5 U.S.C. § 8341. A widow is entitled to survivor benefits under the CSRA if she can show that her husband died after retiring and electing a survivor benefit, 5 U.S.C. § 8341(b)(1), or that he died while employed in a position covered by the CSRA after completing "at least 18 months of civilian service." 5 U.S.C. § 8341(d). In addition, the applicable statutes require an application for disability retirement to be made to OPM. 5 U.S.C. § 8337(a) (1988) ("An employee who completes 5 years of civilian service and has become disabled shall be retired on the employee's own application or on application by the employee's agency."); 5 U.S.C. § 8345(i)(1) (1988) ("No payment shall be made from the Fund unless an application for benefits based on the service of an employee or Member is received [by OPM]...."). Since Mr. Davis was not employed in any position covered by the CSRA at the time of his death, the provision of section 8341(d) is inapplicable. Thus, petitioner is entitled to prevail only if she can show that Mr. Davis "die[d] after having retired under this subchapter" within the meaning of section 8341(b)(1).

Petitioner advances two arguments for the proposition that Mr. Davis died "after

---

* Petitioner also filed an application for death benefits from the Civil Service Retirement Fund on November 10, 1986. OPM issued a check to petitioner on January 30, 1988, which represented the lump-sum death benefit which it deemed to be due.

having retired" within the meaning of section 8341(b)(1). First, petitioner claims that she should be permitted to make a posthumous application for disability retirement on his behalf as administratrix of his estate. Second, she argues that she should receive a survivor annuity without filing any application on his behalf if Mr. Davis was *eligible* to retire when he died.

OPM interprets the above quoted provisions to mean that an employee must *personally* file an application for a disability annuity, except in limited circumstances not pertinent here, *e.g.*, when an agency must file on the employee's behalf, and that an application for such annuity cannot be filed in any event after the death of the employee. Accordingly, OPM rejected petitioner's posthumous application for disability benefits on behalf of her husband.

The Supreme Court has explained that "if the statute [being construed] is silent or ambiguous with respect to the specific issue, the question for the court is whether the agency's answer is based on a permissible construction of the statute." *Chevron U.S.A. Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837, 843, 104 S.Ct. 2778, 2782, 81 L.Ed.2d 694 (1984) (footnote omitted); *see also Money v. Office of Personnel Management*, 811 F.2d 1474, 1477 (Fed.Cir.1987) (stating that "[t]he longstanding interpretation placed on a statute by the agency charged with its administration should be followed unless there are compelling indications that it is wrong."). Petitioner argues in essence that OPM's interpretation is wrong and as the administratrix of his estate her application on her deceased husband's behalf must be accepted.

Essentially the argument is over whether an application for disability benefits can be made after an employee has died. We hold that OPM's interpretation of the statute is reasonable that a posthumous application for disability retirement by the administratrix of the employee's estate does not meet the statutory requirements. This interpretation is in line with the decisions of this court holding that the right to file an application for retirement benefits is "personal"

to the employee "alone". *Oshiver*, 896 F.2d at 541 (quoting *Roebling v. Office of Personnel Management*, 788 F.2d 1544, 1547 (Fed.Cir.1986)). Moreover, this Court has stated that certain annuity rights do not accrue automatically but only upon a claim being made by the claimant while alive. *Davis v. Office of Personnel Management*, 918 F.2d 944 (Fed.Cir.1990) (rejecting a claim for annuity payments by heirs of a surviving spouse who died without making a claim). That Mr. Davis was not officially credited with the necessary five years of service until after his death does not permit a different result. We agree with OPM that a claim to a disability annuity, like a claim to a survivor's annuity, cannot first be filed after the death of the claimant.

Petitioner is correct in stating that in *Oshiver* this court reserved the question of whether a guardian or trustee could properly submit an application for retirement benefits on behalf of a federal employee who was declared a *missing* person. However, the question as reserved related to an employee with whom such relationship could be established, namely, a presumably living (albeit missing) person. This court in *Oshiver* did not suggest that a disability annuity may be filed on behalf of a person who is deceased. Accordingly, we hold that Mrs. Davis as the administratrix of Mr. Davis' estate may not exercise the personal rights which Mr. Davis had prior to his death.

We must also reject Mrs. Davis' second argument that she would have a right to a survivor's annuity if her husband was merely *entitled* to a disability annuity. In support of this argument, petitioner seeks to invoke the Civil Service Retirement Spouse Equity Act of 1984, Pub.L. No. 98–615, (codified as amended at 5 U.S.C. § 8341 note (1988)). However, that Act concerns spouses who were divorced from a federal employee prior to the death of the employee. 5 C.F.R. § 831.603 (1991). Since petitioner makes no argument that she was divorced from Mr. Davis at the time of his death, the authority she relies upon is inapplicable.

Petitioner has not shown that the Board's decision is reversible under 5 U.S.C. § 7703(c). The decision of the Board to deny petitioner's application is, therefore,

AFFIRMED.