David L. WHALEN, Petitioner,

v.

OFFICE OF PERSONNEL
MANAGEMENT,
Respondent.

No. 91–3438.

United States Court of Appeals,
Federal Circuit.

March 17, 1992.

Rehearing Denied April 15, 1992.

David L. Whalen, pro se.

Lisa B. Donis, Mary S. Mitchelson, David M. Cohen and Murray M. Meeker, Commercial Litigation Branch, Dept. of Justice, Washington, D.C., submitted for respondent.

Before NEWMAN, CLEVENGER, and RADER, Circuit Judges.

PAULINE NEWMAN, Circuit Judge.

David L. Whalen appeals the final decision of the Merit Systems Protection Board, Docket No. AT08319110083, denying his request for service credit for retirement purposes for time spent as a cadet-midshipman at the United States Merchant Marine Academy (USMMA). 48 M.S.P.R. 450. We affirm the Board's decision.

## BACKGROUND

Mr. Whalen attended the USMMA from 1954 to 1958. Like all cadet-midshipmen Mr. Whalen received full subsistence and educational expenses from the government. As a cadet-midshipman he participated in academic studies, shipboard training, and the training of other cadet-midshipmen. He also performed various services in support of general maintenance of the USMMA, including assignments as waiter, groundskeeper, security guard, mail clerk, musician, janitor, dishwasher, and painter. Mr. Whalen asserts that these assignments, previously provided by USMMA staff, were performed by cadet-midshipmen when USMMA funding was reduced.

The Board held that Mr. Whalen's appointment to the USMMA was not an appointment in the civil service under 5 U.S.C. § 2105(a). The Board cited *Horner v. Jeffrey*, 823 F.2d 1521 (Fed.Cir.1987) (*en banc*), and relied by analogy on 10 U.S.C. § 971. The Board held that the additional work done at the USMMA did not change the nature of the appointment and time spent, for retirement credit purposes.

### A. *Horner v. Jeffrey*—Title 10

The Board held that *Horner v. Jeffrey* is controlling authority on the issue of crediting service as a USMMA cadet-midshipman for retirement purposes. In *Jeffrey* this court applied 10 U.S.C. § 971(b)(1)[1] to preclude crediting, for civil service retirement purposes, attendance at the various United States military service academies. The Board held that while § 971(b)(1) did not include service at the USMMA, the rationale of *Jeffrey* was applicable.

In *Jeffrey* the petitioner was seeking civil service retirement credit for his time as a midshipman at the United States Naval Academy, invoking 5 U.S.C. § 8332(c) which provided that under certain circumstances military service can be credited toward civil service retirement. This court held that since 10 U.S.C. § 971(b)(1) barred crediting Jeffrey's time at the Naval Academy for any military purpose, the time could not be credited on that ground for civil service retirement purposes. The court referred to Congress' statements that counting military service academy time in computing length of military service would unfairly discriminate against those who pay for their own education, in favor of the graduate of a military academy who is educated at public expense. *Jeffrey*, 823 F.2d at 1526.

Applying this reasoning, the Board held that cadet-midshipmen at the USMMA, who are also educated at public expense, should be treated the same as those attending the military service academies. While we appreciate the symmetry of this position, the statutory support for the conclusion is wanting. The USMMA is a civilian institution and is not subject to the provisions of 10 U.S.C. § 971. 10 U.S.C. § 971(b)(1) is explicitly directed to attendance at the ser-

---

1. **10 U.S.C. § 971(b)(1).**
   [N]o officer of the Navy or Marine Corps may be credited with service as a midshipman at the United States Naval Academy or as a cadet at the United States Military Academy, United States Air Force Academy, or United States Coast Guard Academy.

vice academies of the armed forces, for the purpose of computation of military service. The USMMA is not a military academy and is not listed in § 971. It shall not.be included by inference. *See Johns–Manville Corp. v. United States,* 855 F.2d 1556, 1559 (Fed.Cir.1988), *cert. denied* 489 U.S. 1066, 109 S.Ct. 1342, 103 L.Ed.2d 811 (1989) (absent clear legislative intent to the contrary, the plain meaning of a statute will prevail). Thus we do not adopt the Board's premise.

### B. The Federal Employees Compensation Act

■ Mr. Whalen states that he is not seeking to characterize his service at the USMMA as military service, or analogous thereto. Instead, he maintains that during the time he attended the USMMA he was a civil service employee for purposes of the Civil Service Retirement Act (CSRA). He states that he meets the definition of "employee" set in the Federal Employees Compensation Act (FECA), and that this was the only definition extant during the period at issue.

The CSRA defines "employee" with reference to 5 U.S.C. § 2105. Mr. Whalen argues that § 2105 did not exist in 1954–58, and that 5 U.S.C. § 790(b)(4) (1952) provides the definition of "employee" appropriate to his case. § 790(b)(4) (restated with modification at 5 U.S.C. § 8101(1)(B) (1966)) stated that for purposes of FECA the term "employee" includes

> persons rendering personal services of a kind similar to those of civilian officers or employees of the United States to any department, independent establishment, or agency thereof (including instrumentalities of the United States wholly owned by it), without compensation or for nominal compensation, in any case in which acceptance or use of such services is authorized by an Act of Congress or in which provision is made by law for payment of the travel or other expenses of such person.

Mr. Whalen states that he meets this definition, for he performed "personal services of a kind similar to" those performed by USMMA staff who were designated as

"Administrative Enrollees". Although Administrative Enrollees did not have civil service employment status in 1954–58, in 1961 full and retroactive civil service employment status was granted to USMMA Administrative Enrollees. 46 U.S.C. § 1126(f)(4). In addition, Mr. Whalen maintains that the Department of Labor—Office of Workers Compensation, charged with implementing the provisions of FECA, has determined that a USMMA cadet-midshipman is a federal employee for purposes of FECA.

The Board rejected Mr. Whalen's argument that 5 U.S.C. § 790(b)(4) established the controlling definition of "employee", stating that the definition set for the purposes of FECA was not applicable to the CSRA. In *Johnson v. Merit Systems Protection Board,* 812 F.2d 705, 709 (Fed.Cir. 1987) this court observed, with respect to disability compensation, that FECA and CSRA "are entirely separate schemes ... with entirely different eligibility standards."

Mr. Whalen argues that the FECA definition of "employee" applies because neither 5 U.S.C. § 2105 nor any counterpart to that provision existed in 1954–58. 5 U.S.C. § 2105 was first enacted in 1966. It was not, however, without predecessor. In *Watts v. Office of Personnel Management,* 814 F.2d 1576 (Fed.Cir.1987), *cert. denied,* 484 U.S. 913, 108 S.Ct. 258, 98 L.Ed.2d 216 (1987) this court determined that § 2105 made no change in the substantive requirements of status as an "employee" for retirement purposes. The court observed that the Civil Service Commission had used since 1944 the same criteria as are stated in § 2105. *Id.* at 1580. *See generally Stapleton v. Macy,* 304 F.2d 954, 955 n. 3 (D.C.Cir.1962); H.R.Rep. No. 901, 89th Cong., 1st Sess. 3, 27 (1965); S.Rep. No. 1380, 89th Cong., 2d Sess. 47 (1966). *See also Jankovic v. United States,* 384 F.Supp. 1355 (D.D.C.1974) (§ 2105 applied to determine CSRA employment status of service performed from 1950 to 1960); *Curran v. Office of Personnel Management,* 566 F.Supp. 1511 (D.D.C.1983), *aff'd,* 735 F.2d 617 (D.C.Cir.1984) (§ 2105 applied to service performed from 1949 to 1964);

*Costner v. United States,* 665 F.2d 1016, 229 Ct.Cl. 87 (1981) (§ 2105 applied to service performed from 1949 to 1963).

We conclude that § 2105 provides the applicable definition of "employee" for retirement service credit, and not § 790(b)(4), despite the classification of cadet-midshipmen as employees for Workers Compensation purposes.

### C. Administrative Enrollees

■ Alternatively, Mr. Whalen argues that 46 U.S.C. § 1126(f)(4) provides the statutory basis for granting civil service employment status to USMMA cadet-midshipmen who performed services equivalent to those performed by USMMA Administrative Enrollees. In 1961 Congress amended § 216 of the Merchant Marine Act of 1936, codified at 46 U.S.C. § 1126, in order "to clarify the status of the faculty and administrative staff at the United States Merchant Marine Academy." This Act added subsection (f) to 46 U.S.C. § 1126, directing the Civil Service Commission to bring USMMA Administrative Enrollees into the civil service, and in subsection (f)(4) granting Administrative Enrollees retroactive civil service employment status for prior "active service". (Repealed in the Maritime Education and Training Act of 1980, Pub.L. No. 96–453, 94 Stat.1997.)

The Board held that Mr. Whalen could not raise the argument that he was entitled to service credit under § 1126(f)(4) because the statute had been repealed before he sought to invoke its provisions. This approach to statutory construction is negated by 1 U.S.C. § 109, which provides:

> [t]he repeal of any statute shall not have the effect to release or extinguish any ... liability incurred under such statute, unless the repealing Act shall so expressly provide, and such statute shall be treated as still remaining in force for the purpose of sustaining any proper action or prosecution for the enforcement of such ... liability.

The Maritime Education and Training Act of 1980 did not expressly extinguish the liability incurred by the government in connection with the employment status of Administrative Enrollees. However, the Board held, in the alternative, that even if § 1126(f)(4) could be invoked and even if Mr. Whalen's time as a cadet-midshipman at the USMMA could be classified as "active service", Mr. Whalen did not serve as an Administrative Enrollee. Administrative Enrollees, defined in 1952 by the Attorney General in connection with 46 U.S.C. § 1126, are different from cadet-midshipmen:

> These men [Administrative Enrollees] are enrolled for permanent, or at least indefinite, employment with the Maritime Service, do not ordinarily receive training to fit them for service on merchant vessels and do not at any time during their enrollment or by reason thereof serve on merchant ships. These men constitute in large part the administrative staff of the Maritime Service and some of them serve as instructors of the trainee enrollees.

41 Op. Att'y Gen. 115, 116–17 (1952). The Board determined that Mr. Whalen did not meet this definition: that his enrollment was neither permanent nor indefinite, but for the fixed four-year term of a cadet-midshipman; that he received training to serve on merchant vessels, and did so serve during his enrollment; and that although he may have participated in the training of other cadet-midshipmen, the primary purpose of his service at the USMMA was to receive training.

The Board correctly held that Mr. Whalen was a cadet-midshipman, not an Administrative Enrollee. The provisions of § 1126(f)(4) are specific to Administrative Enrollees. We discern no basis for extending to cadet-midshipmen the provisions of this statute.

### D. The Civil Service Retirement Act

■ Alternatively, Mr. Whalen argues that his service as a cadet-midshipman at the USMMA satisfies the present definition of "employee" for CSRA purposes:

> **5 U.S.C. § 2105(a)** For purposes of this title, "employee" ... means an ... individual who is—

(1) appointed in the civil service by one of the following acting in an official capacity—

\* \* \* \* \* \*

(D) an individual who is an employee under this section;

\* \* \* \* \* \*

(2) engaged in the performance of a Federal function under authority of law or an Executive act; and

(3) subject to the supervision of an individual named by paragraph (1) of this subsection while engaged in the performance of the duties of his position.

Mr. Whalen states that his service satisfies § 2105(a)(1)(D) in that the Supervisor, United States Merchant Marine Cadet Corps, who appointed him and ordered him to report for duty, was an employee of the Maritime Administration, Department of Commerce and was acting in an official capacity. Mr. Whalen states that § 2105(a)(2) is satisfied by the services he performed relating to the training of other USMMA cadet-midshipmen, as the training of cadet-midshipmen is a federal function authorized by 46 U.S.C. § 1126; and that the services he performed unrelated to training were functions traditionally provided by civil service personnel, that is, USMMA Administrative Enrollees. Mr. Whalen states that § 2105(a)(3) is satisfied in that the services he performed were requested, assigned, and supervised by civil service employees, that is, USMMA Administrative Enrollees; and that the Chief of Maritime Training, also a federal employee, had overall responsibility for the supervision and services performed by Mr. Whalen.

The Board held that Mr. Whalen's appointment to the USMMA was not an appointment in the civil service in terms of § 2105(a)(1). The Board referred to the absence of the traditional indicia of civil service employment, such as a GS grade rating, and the absence of civil service retirement contributions. Mr. Whalen argues that his appointment to the USMMA must have been an "appointment in the civil service" because "except for the military, to what other service would a Federal official appoint someone?"

An appointment to the USMMA is not an appointment as an employee in the civil service. Such an appointment requires formality and process that did not occur here. *See Costner*, 665 F.2d at 1020 ("[a]n abundance of federal function and supervision will not make up for lack of an appointment"). While Mr. Whalen argues that his appointment was equivalent to that of the USMMA Administrative Enrollees who were retroactively designated as civil service employees despite the lack of traditional indicia in their initial appointments, this statutory designation was specific to Administrative Enrollees. It did not include cadet-midshipmen who may have done some similar work while at the USMMA. There is no basis for assuming or inferring that Congress intended otherwise.

The Board correctly held that an appointment as a cadet-midshipman was not an appointment as an employee in terms of § 2105(a).

*E. The Federal Personnel Manual*

■ Mr. Whalen also argues that certain provisions of the Federal Personnel Manual (FPM) entitle him to retirement credit for service time at the USMMA.

Mr. Whalen cites FPM Supplement 830–1 § 22A2.1–2B, dated September 1990, which states that service at the military academies of the United States is creditable military service for purposes of civil service retirement. Mr. Whalen asserts that it is unfair to credit service at the military academies while denying credit for service at the USMMA.

As the Board recognized, the cited section of the September 1990 FPM provision is contrary to this court's 1987 decision in *Horner v. Jeffrey*. The Office of Personnel Management states that the section of the FPM is in error and has not been applied. We share Mr. Whalen's concern at the continuing presence of this provision in the Manual.

Finally, Mr. Whalen cites FPM Chapter 308, subchapter 2, which provides for a

Cooperative Education Program under which "Student Trainees" are considered to be federal employees. Mr. Whalen asserts that his service at the USMMA is similar to that of a co-op student. The Board observed that co-op students receive specified excepted civil service appointments pursuant to 5 C.F.R. § 213.3202, and that no corresponding provision exists for USMMA cadet-midshipmen. The Board correctly held that the appointments are not comparable.

#### Costs

No costs.

AFFIRMED.