11 F.3d 1071
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Carl H. PRIDDY, Petitioner,
v.
OFFICE OF PERSONNEL MANAGEMENT, Respondent.
 No. 92-3256.
 United States Court of Appeals, Federal Circuit.
 Oct. 20, 1993.
 
 Before RICH, MICHEL, and CLEVENGER, Circuit Judges.
 PER CURIAM.
 
 DECISION
 
 1
 Carl H. Priddy petitions for review of the September 6, 1991 Initial Decision of an Administrative Judge (AJ), Docket No. DA08319110527, sustaining a decision by the Office of Personnel Management (OPM) that Mr. Priddy is not entitled to credit under the Civil Service Retirement System (CSRS) for his service in the Civilian Conservation Corps (CCC) from April 7, 1938 to March 20, 1940. The AJ's decision became the final decision of the Merit Systems Protection Board (Board) on January 2, 1992 when it denied review of the AJ's Initial Decision. We affirm.
 
 DISCUSSION
 
 2
 We review Board decisions under a very narrow standard, affirming them unless they are (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence. 5 U.S.C. Sec. 7703(c) (1988). No such grounds are present here. The AJ held that Mr. Priddy had failed to meet his burden of proving that his service in the CCC is "creditable" service under the CSRS, see 5 C.F.R. Sec. 1201.56(a)(2), Cheeseman v. Office of Personnel Management, 791 F.2d 138, 141 (Fed.Cir.1986), cert. denied, 479 U.S. 1037 (1987), and Mr. Priddy has failed to convince us that this holding was in error.
 
 
 3
 To be service creditable under the CSRS, such service must be as an "employee" as defined in 5 U.S.C. Sec. 8331(1) (1988), which incorporates by reference the definition of "employee" used in 35 U.S.C. Sec. 2105(a) (1988). Contrary to Mr. Priddy's suggestions, the definition of "employee" found in section 2105(a) applies in this case, even though section 2105(a) was not enacted until 1966, many years after Mr. Priddy's service with the CCC. See Whalen v. Office of Personnel Management, 959 F.2d 924, 926-27 (Fed.Cir.), cert. denied, 484 U.S. 913 (1987). Section 2105(a) defines an "employee" as an officer or individual who is (1) appointed to the civil service by one of the individuals enumerated therein acting in an official capacity, (2) engaged in the performance of a Federal function under authority of law or an executive act, and (3) subject to the supervision of one of the individuals enumerated therein while engaged in the performance of his duties. See Horner v. Acosta, 803 F.2d 687, 691 (Fed.Cir.1986).
 
 
 4
 In her Initial Decision, the AJ noted that Mr. Priddy had testified that he did not take an oath upon entering the CCC and that Mr. Priddy had failed to present any evidence indicating that he was appointed to the CCC by one of the individuals listed in section 2105(a) acting in an official capacity, that he was engaged in the performance of a Federal function under authority of law or executive act while in the CCC, or that he was under the supervision of one of the officials listed in section 2105(a) while engaged in the performance of his duties. The AJ also noted that Mr. Priddy had failed to establish that his CCC service was any different than service in the WPA or any other work relief projects created during the depression, which service is not creditable unless a party was an "employee" as defined in section 2105(a). The AJ accordingly found that Mr. Priddy had failed to meet his burden of proving that his service in the CCC was "creditable" service under the CSRS. We find no error in the AJ's reasoning justifying a reversal.