22 F.3d 1104
NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
 Helen M. WALDREP, Petitioner,
v.
OFFICE OF PERSONNEL MANAGEMENT, Respondent.
 No. 93-3443.
 United States Court of Appeals, Federal Circuit.
 March 16, 1994.
 
 Before MAYER, PLAGER, and LOURIE, Circuit Judges.
 PER CURIAM.
 
 
 1
 Helen M. Waldrep appeals the decision of the Merit Systems Protection Board, No. DA0831930229-I-1, affirming the denial by the Office of Personnel Management of her application for a survivor annuity. We affirm.
 
 
 2
 A federal employee's widow is entitled to an annuity if her husband elected a survivor benefit and died after retiring. 5 U.S.C. Sec. 8341(b) (1988 & Supp. IV 1992); Davis v. Office of Personnel Management, 938 F.2d 1283, 1284 (Fed.Cir.1991). To receive an annuity as a surviving widow, the applicant must have been married to the employee for nine months immediately before he died. 5 U.S.C. Sec. 8341(a)(1); Money v. Office of Personnel Management, 811 F.2d 1474, 1476 (Fed.Cir.1987). The question here is whether the Waldreps were married at the time of Eugene Waldrep's death; for an answer, we must look to Texas law. Money, 811 F.2d at 1477; Yarbrough v. United States, 341 F.2d 621, 623 (Ct.Cl.1965).
 
 
 3
 The Waldreps' marriage was annulled by a Texas court five months before Eugene Waldrep died. Under Texas law, Mr. Waldrep's death had no impact on the validity of the annulment decree because the decree affected the parties' property interests. Dunn v. Dunn, 439 S.W.2d 830, 834 (Tex.1969). Waldrep challenged the annulment in an appeal filed in the Texas Court of Appeals, but she neglected to pursue the appeal after her husband's death.
 
 
 4
 Before the board, Waldrep raised several challenges to the validity of the annulment; she continues to challenge the decree in this court. She failed to pursue her appeal in the state court, the proper forum for her state law claims. The board correctly declined to consider her challenges to the annulment, and we do the same.
 
 
 5
 We review decisions of the board to ensure that they are legally correct and supported by substantial evidence. 5 U.S.C. Sec. 7703(c) (1988); Hayes v. Department of the Navy, 727 F.2d 1535, 1537 (Fed.Cir.1984). Because the annulment remains the final judgment of the Texas court, the board's conclusion that Waldrep was not Eugene Waldrep's widow is not erroneous.