NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**ANNIE M. WOODSON,**
*Petitioner,*

v.

**OFFICE OF PERSONNEL MANAGEMENT,**
*Respondent.*

---

2010-3141

---

Petition for review of the Merit Systems Protection Board in case no. CH0831090822-I-1.

---

Decided: May 2, 2011

---

T. LEE BOYD, JR., The Boyd Law Firm, P.C., of Chicago, Illinois, for petitioner.

HILLARY A. STERN, Senior Trial Counsel, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent. With her on the brief were TONY WEST, Assistant Attorney General, JEANNE E. DAVIDSON, Director, and BRIAN M. SIMKIN, Assistant Director.

_____

Before LOURIE, PROST, and MOORE, *Circuit Judges*.

PROST, *Circuit Judge*.

Petitioner Annie M. Woodson ("Ms. Woodson") appeals from a final decision of the Merit Systems Protection Board ("Board"), Docket No. CH0831090822-I-1, affirming the Office of Personnel Management's ("OPM") reconsideration determination denying Ms. Woodson's request for survivor annuity benefits. We *affirm*.

## BACKGROUND

Ms. Woodson is the surviving widow of Robert J. Woodson, an employee of the United States Postal Service from 1945–1974. On December 2, 1974, Mr. Woodson submitted his retirement application and elected to receive an annuity without survivor benefits. Mr. Woodson confirmed this election by signing a separate document which stated, in part, "I still elect to receive an annuity payable only during my lifetime with no survivor annuity payable after death." Mr. Woodson received full life rate annuity payments until his death on November 10, 1979.

On January 9, 2008, Ms. Woodson applied to retroactively receive survivor annuity benefits based on Mr. Woodson's thirty years of government service. Ms. Woodson explained that she and her late husband had lived together for more than thirty years and that they did not realize that survivor annuity benefits had not been elected. She further indicated that at the time of his retirement, Mr. Woodson did not understand the documents he signed because he was focused on his cancer diagnosis. Ms. Woodson—herself suffering from a central

nervous system disorder—sought to change her husband's election to receive survivor annuity benefits to which she believed she was entitled.

On July 23, 2009, OPM issued a decision regarding Ms. Woodson's request for reconsideration of the initial denial of survivor annuity benefits. OPM maintained its denial of benefits, reasoning that Mr. Woodson had failed to elect to provide his surviving spouse with benefits. Ms. Woodson appealed this decision to the Board.

On November 13, 2009, an administrative judge affirmed OPM's reconsideration decision denying survivor annuity benefits to Ms. Woodson. The administrative judge reasoned that undisputed evidence showed that Mr. Woodson elected to receive a full, unreduced annuity in lieu of providing survivor benefits to his spouse. The administrative judge further noted that the statute in effect at the time of Mr. Woodson's retirement did not require that his spouse receive notice of, or consent to, his election. The full board denied Ms. Woodson's petition for review. Ms. Woodson appealed and we have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

DISCUSSION

"Our review of Board decisions is limited. We may only reverse a Board decision if we find the decision to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; obtained without procedures required by law; or unsupported by substantial evidence." *Kahn v. Dep't of Justice*, 618 F.3d 1306, 1312 (Fed. Cir. 2010) (citing 5 U.S.C. § 7703(c)).

Ms. Woodson argues that, under the Fifth Amendment, her due process rights were violated when the

Board applied the version of 5 U.S.C. § 8341(b)(1) in effect at the time of her husband's retirement. Though that statute vested with the government employee the right to decline spousal survivor annuity benefits, Ms. Woodson contends that Congress's amendments after Mr. Woodson's death evince its intent to require notice and consent before depriving a spouse of their property right in a survivor annuity benefit. Thus, she argues that the Board erred because she cannot be denied a right that Congress admitted was in existence, yet failed to acknowledge until it amended the statute in 1980 and 1984. *See* Act of Oct. 7, 1980, Pub. L. No. 96–391, 94 Stat. 1557; Civil Service Retirement Spouse Equity Act of 1984, Pub. L. No. 98–615, 98 Stat. 3195. Ms. Woodson also contends that the amendments to § 8341 required that her husband receive notice allowing him to change his annuity election, which he did not receive. She further asserts that the Board's decision is arbitrary, capricious, and an abuse of discretion since its opinion does not address her constitutional claim.

The government responds, contending that the Board was correct and that Ms. Woodson's claim of a property right in her husband's annuity is unfounded based on the statute in effect at the time of his retirement and this court's prior interpretation of that statute. *See Roebling v. Office of Pers. Mgmt.*, 788 F.2d 1544, 1547 (Fed. Cir. 1986). The government also argues that Ms. Woodson cannot receive the benefit of later amendments to § 8341 because under *Roebling*, those amendments were prospective only. It further contends that no notice to Mr. Woodson was required by the amendments to § 8341.

We agree with the government that *Roebling* controls the outcome of this case under the facts presented. Under the version of 5 U.S.C. § 8341(b)(1) in effect at the time of

Mr. Woodson's retirement, the right to elect a spousal survivor benefit was that of the government employee only. *See Roebling*, 788 F.2d at 1546–48. Further, the rights of notice and consent to a spouse before a government employee can elect to forgo a spousal survivor annuity—which were created by statute after Mr. Woodson's retirement—are prospective. *Id.* at 1548. Thus, Ms. Woodson does not have a right to elect a survivor annuity benefit by virtue of Congress's amendments to the statute after her husband's retirement. Likewise, Mr. Woodson was not a member of the limited categories of individuals required to receive notice under the amendments to § 8341. *See* H.R. Rep. No. 1054, 98th Cong., 2d Sess. 26-28, *reprinted in* 1984 U.S. Code Cong. & Ad. News 5540, 5557–58.

CONCLUSION

Because the statute in effect at the time of Mr. Woodson's retirement did not grant a government employee's spouse with the rights of notice and consent, Ms. Woodson's constitutional and various other claims are without merit. The Board's decision is supported by substantial evidence and not otherwise reversible.

COSTS

Each party shall bear its own costs.

**AFFIRMED**