NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**WILMA C. SMITH,**
*Petitioner,*

**v.**

**OFFICE OF PERSONNEL MANAGEMENT,**
*Respondent.*

---

2014-3167

---

Petition for review of the Merit Systems Protection Board in No. SF-0831-13-0545-I-1.

---

Decided: December 4, 2014

---

WILMA C. SMITH, of Olongapo City, Philippines, pro se.

ANTHONY F. SCHIAVETTI, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent. With him on the brief was JOYCE R. BRANDA, Acting Assistant Attorney General, ROBERT E. KIRSCHMAN, Director, and REGINALD T. BLADES, JR., Assistant Director.

---

Before DYK, REYNA, and HUGHES, *Circuit Judges.*

PER CURIAM.

Wilma Smith appeals the Merit Systems Protection Board's final order affirming the Office of Personnel Management's denial of her request for survivor annuities or benefits based on the service of her deceased spouse, Troy Smith. In order to qualify for survivor annuities or benefits, Ms. Smith would have to establish, among other things, that her husband was employed in a federal civilian service position covered by the Civil Service Retirement System (CSRS) or the Federal Employees Retirement System (FERS). Because we find no evidence that Mr. Smith was ever employed in a covered civil service position, we *affirm*.

## BACKGROUND

Beginning on July 8, 2011, Ms. Smith sent a series of emails to the Office of Personnel Management requesting survivor benefits. Ms. Smith alleged eligibility for benefits based on Mr. Smith's service in the Merchant Marine from 1982 until his death on August 4, 1997. On November 9, 2011, after finding no record of any federal civilian service by Mr. Smith, the Office of Personnel Management denied Ms. Smith's request. On June 13, 2013, Ms. Smith filed an appeal with the Board. The administrative judge found that Ms. Smith had failed to submit evidence showing that Mr. Smith ever served in a position covered by the CSRS or the FERS, or that Mr. Smith had ever contributed to a civil service retirement fund.

On November 6, 2013, Ms. Smith petitioned the full Board to review the administrative judge's decision. Ms. Smith argued that her eligibility for benefits was established by the fact that Mr. Smith served in the Merchant Marine during the Gulf War, contributed to the Seafarers Fund, and had Federal Insurance Contributions Act (FICA) and federal tax payments withheld from his pay. The Board found Mr. Smith's FICA and federal tax deductions irrelevant, and found that the Seafarers Fund is a

private pension plan unrelated to the CSRS or the FERS. The Board affirmed the administrative judge's decision on July 2, 2014. This appeal followed. We have jurisdiction under 28 U.S.C. § 1295(a)(9).

## DISCUSSION

The scope of our review in an appeal from a decision of the Board is limited. We must affirm the Board's decision unless it was "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c).

## I

Retirement from federal civilian service is governed by the CSRS or the FERS. *See* 5 U.S.C. §§ 8331–8351, 8401–8480. Federal employees covered by the CSRS as of June 30, 1987, could elect to transfer to the FERS. *Killip v. Office of Pers. Mgmt.*, 991 F.2d 1564, 1565 (Fed. Cir. 1993). Because Ms. Smith alleges that her husband was in civilian service from 1982 until his death on August 4, 1997, we address Ms. Smith's eligibility for annuities or benefits under both the CSRS and the FERS.

Eligibility for survivor annuities or benefits under the CSRS and the FERS requires, at minimum, the deceased spouse to have been at some time employed in a service position covered by the CSRS or the FERS.[1] Generally,

---

[1]    For detailed CSRS eligibility requirements, *see* 5 U.S.C. §§ 8341(b)(1)–(2), 8333(a)–(b), 8341(d), 8342(d); *see also Rosete v. Office of Pers. Mgmt.*, 48 F.3d 514, 516 (Fed. Cir. 1995); *Davis v. Office of Pers. Mgmt.*, 938 F.2d 1283, 1284 (Fed. Cir. 1991). For FERS requirements, *see* 5 U.S.C. §§ 8422(a)(1), 8410, 8442(c)(1), 8442(b)(1); *see also* 5 C.F.R. §§ 843.306–308, 843.311(a), 843.309(a), 843.310.

service in the Merchant Marine is not covered by the CSRS or the FERS.[2] While some mariners in the Merchant Marine appointed by the United States during wartime may have received retirement credit under the CSRS prior to March 24, 1943, *see id.*, Congress excluded appointed Merchant Marine service from such coverage on March 24, 1943. *See* Pub. L. No. 78-17, 57 Stat. 45 (codified at 50 U.S.C. app. § 1291) ("[B]ecause of the temporary wartime character of their employment . . . [mariners] shall not be considered as officers or employees of the United States for the purposes of . . . the Civil Service Retirement Act . . . ."). The FERS covers, with some exceptions, service covered by the CSRS. *Bain v. Office of Pers. Mgmt.*, 978 F.2d 1227, 1229 (Fed. Cir. 1992).

Certain service in the Merchant Marine may be considered in computing annuities or benefits under the CSRS or the FERS, but such service does not by itself establish CSRS or FERS eligibility. Wartime service in the Merchant Marine may be approved as active duty military service for purposes of laws administered by the Veterans' Administration. *See* G.I. Bill Improvement Act of 1977, Pub. L. No. 95-202, 91 Stat. 1449 (1977) (codified at 38 U.S.C. § 106 note); 32 C.F.R. § 47.1(b); *OPM Handbook* § 20A2.2-13(A)(2); *see also Schumacher v. Aldridge*, 665 F. Supp. 41, 43, 56 (D.D.C. 1987). Both the CSRS and the FERS consider certain military service for purposes of computing annuities or benefits, *see* 5 U.S.C. § 8411(c)(1)(A)–(B); *Roman v. CIA*, 297 F.3d 1363, 1369

---

[2]    *See* U.S. Dep't Pers. Mgmt, *Civil Service Retirement System (CSRS) and Federal Employees Retirement System (FERS) Handbook for Personnel and Payroll Offices* § 20A2.2-13(A)(1) (1998) (hereinafter *OPM Handbook*), available at https://www.opm.gov/retirement-services/publications-forms/csrsfers-handbook/c020.pdf.

(Fed. Cir. 2002), even though service in the Merchant Marine is not covered by the CSRS or the FERS.[3] Service in the Merchant Marine, however, even if approved as military service, does not establish eligibility under the CSRS or the FERS because military service is not civilian service covered by the CSRS or the FERS. *See Brown v. Office of Pers. Mgmt.*, 872 F.2d 401, 402 (Fed. Cir. 1989); *Bain*, 978 F.2d at 1229.

Coverage by the CSRS or the FERS is generally indicated by evidence from the employment record. *See Whalen v. Office of Pers. Mgmt.*, 959 F.2d 924, 928; *Rosete*, 48 F.3d at 516. Traditional indicia of covered civil service include a government service (GS) grade rating, evidence of civil service retirement contributions, or evidence of formal appointment to federal civilian service. *See Whalen*, 959 F.2d 924, 928 (Fed. Cir. 1992); *Rosete*, 48 F.3d at 516.

## II

Ms. Smith makes three arguments on appeal. First, Ms. Smith argues that the Board failed to take into account the fact that Mr. Smith had FICA dues and federal taxes deducted from his income. Second, Ms. Smith argues that the Board overlooked certain provisions of the CSRS and the FERS allowing for a surviving spouse to retroactively contribute to a retirement account for past periods of creditable service. *See, e.g.*, 5 U.S.C. §§ 8334(c)–(d), 8334(h)–(i), 8422(i)(1), 8422(i)(3). Third, Ms. Smith argues that the Board failed to consider that her husband

---

[3]    *See Herrera v. United States*, 849 F.2d 1416, 1417 (Fed. Cir. 1988); *see also* §§ 8333(a), 8341(d), 8333 (distinguishing "civilian service" from "creditable civilian service"); §§ 8442(b)(1)(B), 8410 (distinguishing "service" from "civilian service creditable under the [FERS]").

died before having an opportunity to elect a retirement plan.

Ms. Smith's arguments and the evidence in the record fail to establish that her husband was ever employed in a service position covered by the CSRS or the FERS. Mr. Smith's alleged service in the Merchant Marine, including his alleged service during the Gulf War, does not qualify as civilian service covered by the CSRS or the FERS, regardless of whether such service could have been considered in computing a survivor annuity or benefit under the CSRS or the FERS. *See Brown*, 872 F.2d at 402; *Bain*, 978 F.2d at 1229.

In addition, traditional indicia of covered service are absent from the record. There is no evidence that Mr. Smith had a GS grade rating, that he was appointed to federal civilian service, that he ever made a civil service retirement contribution, or that he designated Ms. Smith as a beneficiary in the Office of Personnel Management. *See Whalen*, 959 F.2d 924; *Rosete*, 48 F.3d at 516; 5 C.F.R. § 831.2005(a). Ms. Smith introduced a check stub indicating that Mr. Smith had made contributions to the Seafarers Fund. But the Board found that the Seafarers Fund is a private pension plan unrelated to the CSRS or the FERS, and we have no reason to believe otherwise. Thus, Ms. Smith has not demonstrated entitlement to survivor annuities or benefits.

CONCLUSION

For these reasons, the final order of the Merit Systems Protection Board is affirmed.

**AFFIRMED**